WOODRUFF v USS GREAT LAKES FLEET, INC

Docket No. 159042. Submitted January 5, 1995, at Detroit. Decided April 21, 1995, at 11:35 A.M. Leave to appeal sought.

Thomas Woodruff brought an action in the Wayne Circuit Court against USS Great Lakes Fleet, Inc., alleging negligence under federal admiralty and maritime law in connection with personal injury he sustained while working aboard the defendant's ship. At trial, the court, Marvin R. Stempien, J., refused to allow defense counsel to question an expert for the plaintiff regarding the effect of income taxes on the expert's calculation of the plaintiff's loss of future earning capacity, refused to allow defense counsel to argue before the jury that the expert's valuation of damages for such loss should be reduced for income taxes, and denied the defendant's request for a jury instruction that the jury must consider the effects of income taxes if it decides to award damages for such loss. The jury returned a verdict for the plaintiff. The defendant appealed.

The Court of Appeals *held:*

1. Damage awards for loss of future earning capacity in negligence actions based on federal law must reflect after-tax income rather than gross income before taxes.

2. None of the evidentiary arguments raised by the defendant has merit, and the trial court did not abuse its discretion with respect to the evidentiary rulings challenged by the defendant.

Reversed and remanded for a new trial on the issue of damages only.

ADMIRALTY — NEGLIGENCE — JONES ACT — LOSS OF FUTURE EARNING CAPACITY — INCOME TAXES.

An award of damages for loss of future earning capacity in a negligence action brought under the Jones Act and federal admiralty and maritime law by a person injured while working aboard a ship must reflect after-tax income rather than gross income before income taxes (46 USC 688 *et seq.*).

REFERENCES

Am Jur 2d, Damages § 945.

Propriety of taking income tax into consideration in fixing damages in personal injury or death action. 16 ALR4th 589.

*The Jaques Admiralty Law Firm, P.C.* (by *Donald A. Krispin*), for the plaintiff.

*Garan, Lucow, Miller, Seward, Cooper & Becker, P.C.* (By *Daniel S. Saylor*), for the defendant.

Before: JANSEN, P.J., and MICHAEL J. KELLY and HOOD, JJ.

MICHAEL J. KELLY, J. Defendant appeals as of right a judgment of the circuit court awarding plaintiff $500,000. The judgment reflected a jury verdict finding defendant liable for injuries sustained by plaintiff while he was working aboard defendant's ship. We reverse and remand for a new trial on the issue of damages.

This is an action arising under federal admiralty law. In his complaint, plaintiff alleged negligence under the Jones Act, 46 USC 688 *et seq.,* and unseaworthiness under general admiralty and maritime law. At trial, plaintiff relied on the expert testimony of Dr. John Henderson to establish the amount of his lost earning capacity. In calculating earning capacity, Dr. Henderson estimated plaintiff's future earnings and reduced them by a present-value percentage. On cross-examination, Dr. Henderson acknowledged that he did not take income taxes into consideration; his estimate of plaintiff's earning capacity was based on gross income. When defense counsel continued to ask about applicable income tax rates, plaintiff's counsel objected, at which point the parties conferred with the trial judge outside the presence of the jury.

The trial judge ruled that defendant would not be permitted to argue to the jury for a tax-based reduction of the expert's earning capacity estimate. The trial court relied in part on *Norfolk &*

*W R Co v Liepelt,* 444 US 490, 496-497; 100 S Ct 755; 62 L Ed 2d 689 (1980), in which the Supreme Court held that, in an action under the Federal Employers' Liability Act (FELA), 45 USC 51 *et seq.,* the trial court erred in failing to instruct the jury that its verdict would not be subject to income taxes.

Here, because of the trial court's ruling, defense counsel did not elicit any further testimony regarding the taxability of plaintiff's future earnings. Shortly before closing arguments, defense counsel raised the issue again, and the trial court repeated its ruling that defense counsel would not be permitted to argue to the jury for a tax-based reduction of the verdict. In another discussion after closing arguments, the trial court once again denied defendant's request for an instruction to consider income taxes in calculating plaintiff's future earnings.

We believe that the trial court erred in not allowing defendant to inquire into or argue about the taxability of plaintiff's future earnings. The case relied on by the trial court, *Norfolk & W R Co, supra,* does not support its ruling. There, the Supreme Court merely upheld an instruction that income taxes should not be considered to adjust the final amount of the verdict after damages had been calculated because any judgment would not be subject to federal or state income taxes. The Court was concerned that

> " 'today's tax-conscious juries may assume (mistakenly of course) that the judgment will be taxable and therefore make their verdict big enough so that plaintiff would get what they think he deserves after the imaginary tax is taken out of it.' " [444 US 497, quoting *Domeracki v Humble Oil & Refining Co,* 443 F2d 1245, 1251 (CA 3, 1971), cert

den 404 US 883, quoting 2 Harper & James, The Law of Torts, § 25.12, pp 1327-1328 (1956).]

This concern should not be blurred with the separate and distinct issue whether gross or net income figures are to be used in calculating the wage-loss portion of the verdict. As defendant aptly observes in its brief, "[j]ury verdicts are not subject to income tax liability; but the sums that comprise the jury verdict are intended solely to make a plaintiff whole. People do not bring home gross wages; they bring home after-tax wages." See also *Jones & Laughlin Steel Corp v Pfeifer,* 462 US 523, 534; 103 S Ct 2541; 76 L Ed 2d 768 (1983).

In fact, while the *Norfolk & W R Co* Court required an instruction that the verdict would not be subject to income taxes, it reversed an award of damages for future earnings because the award was based solely on gross earnings. The trial court had prohibited evidence regarding how the calculations would have been affected if they had been based on net earnings. The Supreme Court noted at 444 US 493-494:

> In a wrongful-death action . . . [i]t is [the plaintiff's] after-tax income, rather than his gross income before taxes, that provides the only realistic measure of his ability to support his family. It follows inexorably that the wage earner's income tax is a relevant factor in calculating the monetary loss suffered by his dependents when he dies.

Although the Court's comments were made in reference to wrongful death suits under the FELA, the same principles apply wherever future earnings are awarded in a negligence action under federal law. See *Jones & Laughlin, supra* at 534 (Longshoremen's and Harbor Workers' Compensation Act, 33 USC 901 *et seq.*); *Kirchegessner v*

*United States,* 958 F2d 158, 161 (CA 6, 1992)
(Federal Tort Claims Act, 28 USC 2674).

Accordingly, the trial court erred in prohibiting
defendant from arguing that Dr. Henderson's esti-
mate of plaintiff's future earnings was too high
because it did not consider the effect of income
taxes. We do not deem the error harmless just
because defendant was able to elicit a single ac-
knowledgment from Dr. Henderson that plaintiff's
income would have been subject at most to a
thirty percent income tax rate. Defendant was
unable to explore the effect of this acknowledg-
ment on the calculation of future earnings or to
mention it to the jury in closing argument. Dr.
Henderson's acknowledgment merely established
that the effect of income taxes on plaintiff's future
earnings would not be de minimis. See *Norfolk &
W R Co, supra* at 494, n 7.

We therefore remand for a new trial on the
issue of damages. On remand, the trial court shall
allow questions and evidence regarding the effect
of income taxes on plaintiff's future earnings, and
it shall instruct the jury to consider income taxes
in calculating future earnings. Because it is not
possible to determine how much of the original
$500,000 verdict constituted compensation for lost
future earnings, the new trial shall not be limited
solely to that portion of the damages.

We need not remand for a trial on defendant's
liability because we deem meritless defendant's
evidentiary arguments concerning the remainder
of the trial. The trial court did not abuse its
discretion in excluding evidence that plaintiff had
an ulterior motive for claiming disability. The
evidence was substantially more prejudicial than
probative, and defendant was able to present other
evidence to discredit plaintiff's motives. MRE 403.
The trial court also did not abuse its discretion in

finding a Coast Guard officer qualified to render an expert opinion. MRE 702. Gaps in the officer's expertise were relevant to the weight of the testimony, not its admissibility. *People v Gambrell,* 429 Mich 401, 408; 415 NW2d 202 (1987). Finally, defendant was not unfairly surprised by plaintiff's testimony that defense counsel was present at a meeting where plaintiff was told to file a fraudulent insurance claim. Nothing more was said in front of the jury, defendant presented other witnesses to rebut the accusation, and the trial court informed the jury that defense counsel denied the accusation.

Affirmed in part, reversed in part, and remanded for proceedings consistent with this opinion.