# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

        Plaintiff-Appellee,

v

RONALD DUANE ROSEBURGH,

        Defendant-Appellant.

UNPUBLISHED
May 18, 2017

No. 331356
Berrien Circuit Court
LC No. 2015-002448-FH

Before: MARKEY, P.J., and MURPHY and METER, JJ.

PER CURIAM.

        Defendant appeals as of right his convictions of assault by strangulation, MCL 750.84(1)(b), assault with a dangerous weapon (felonious assault), MCL 750.82, and assault and battery, MCL 750.81. The trial court sentenced defendant as a fourth-offense habitual offender, MCL 769.12, to a term of 76 months to 20 years' imprisonment for the conviction on assault by strangulation, to a concurrent term of 48 months to 20 years' imprisonment for the felonious assault conviction, and to 93 days' incarceration for the assault and battery conviction. We affirm.

        This case arises out of an incident that occurred in the early morning hours of June 5, 2015, in Benton Township. On that day, the victim in this case received a call from her daughter, asking for transportation to the hospital because she had a broken arm. Eventually, the victim, her boyfriend, and her granddaughter got into their vehicle and drove to the home that the victim's daughter shared with defendant. Upon arrival, the victim exited the vehicle and walked to the front porch, where defendant was standing. The victim's daughter was behind defendant, and the victim became upset when she observed injuries to her daughter's face and body, believing defendant to have inflicted those injuries. The victim and defendant began arguing, defendant told her to leave the property, and, eventually, defendant pushed the victim off of the porch. According to defendant, he only did so after the victim attempted to enter the home and prevented him from closing the door.

        The victim then walked to a truck parked in the home's driveway, and defendant followed her.[1] According to the victim's testimony at trial, she was afraid and attempted to enter

---

[1] The truck was owned or "shared" by defendant and the victim's daughter.

the truck in order to find a weapon to defend herself. When she opened the truck door, defendant slammed the door shut and subsequently choked her, which formed the basis of the charge of assault by strangulation. The victim testified that while defendant was choking her, he held a metal child's bicycle in his other hand and threatened her with it, which act formed the basis of the felonious assault charge.[2] According to defendant, he slammed the truck door shut and, after the victim began hitting him, he pushed her and the two engaged in a shoving match. Defendant claimed that he did not choke the victim at any point during the altercation. Defendant did acknowledge that he picked up the child's bicycle, but only to defend himself after the victim grabbed a tire iron. The victim's granddaughter and boyfriend testified that defendant choked the victim and that, during the assault, defendant wielded the bicycle in a threatening manner.

On appeal, defendant argues that the trial court erred in refusing to instruct the jury on the right to use force to protect property or to eject a trespasser, thereby denying him his constitutional rights to a fair trial, to due process, and to present a defense.[3]

Issues of law arising from jury instructions are reviewed de novo on appeal, but a trial court's determination whether an instruction was applicable to the facts of the case is reviewed for an abuse of discretion. *People v Gillis*, 474 Mich 105, 113; 712 NW2d 419 (2006). Reversal based on instructional error is merited only where the defendant demonstrates "that the asserted instructional error resulted in a miscarriage of justice." *People v Dupree*, 486 Mich 693, 702; 788 NW2d 399 (2010), citing MCL 769.26 and *People v Lukity*, 460 Mich 484, 493-494; 596 NW2d 607 (1999). A miscarriage of justice occurs where "it is more probable than not that a different outcome would have resulted without the error." *Lukity*, 460 Mich at 495.

"A criminal defendant has the right to have a properly instructed jury consider the evidence against him." *People v Rodriguez*, 463 Mich 466, 472; 620 NW2d 13 (2000) (quotation marks and citations omitted). Jury instructions must include all of the elements of the crimes charged and "must not exclude material issues, defenses, and theories if the evidence supports them." *People v Canales*, 243 Mich App 571, 574; 624 NW2d 439 (2000) (citations omitted). A defendant is entitled to a jury instruction when he requests an instruction on a theory or defense that is supported by the evidence. *People v Riddle*, 467 Mich 116, 124; 649 NW2d 30 (2002). Further, MCR 2.512(D)(2) requires that pertinent portions of the Michigan Model Criminal Jury Instructions be given if "(a) they are applicable, (b) they accurately state the applicable law, and (c) they are requested by a party." The trial court is also permitted to give additional instructions on applicable law not covered by the model instructions. MCR 2.512(D)(4); see also *Bouverette v Westinghouse Electric Corp*, 245 Mich App 391, 401-402; 628 NW2d 86 (2001) ("When the standard jury instructions do not adequately cover an area, the trial court is obligated to give additional instructions when requested, if the supplemental instructions properly inform the jury of the applicable law and are supported by the evidence.").[4]

---

[2] The record does not make clear what specific act formed the basis of the simple assault and battery charge.

[3] We note that the jury was thoroughly instructed on the issue of self-defense.

[4] There does not appear to be a standard or model instruction on defense of property.

In *People v Shaffran*, 243 Mich 527, 528-529; 220 NW 716 (1928), our Supreme Court observed:

> In the application of the rule that a man may use such force as is necessary for the protection of his property, it must be noted that the principle is subject to this most important qualification, that he shall not, except in extreme cases, inflict great bodily harm or endanger human life. [Citations and quotation marks omitted.]

As to defendant's specific argument on appeal, he maintains that one could infer from the evidence that the victim appeared intent on stealing and possibly damaging the truck and that defendant's actions were intended to prevent the theft and then escalated as caused by the victim's aggressive behavior. Assuming for the sake of argument that the charged offenses could theoretically constitute reasonable and necessary force for purposes of protecting property from damage or theft, which is certainly questionable, especially as to assault by strangulation, the evidence simply did not support the requested instruction. Defendant's own testimony undermines his assertion that he was entitled to an instruction on the right to use force to protect property, given that he effectively testified that his actions were taken in an effort to defend himself from assaultive behavior allegedly perpetrated by the victim. And we note that the jury rejected any type of self-defense claim by defendant. Defendant's testimony, along with all of the other evidence, cannot be characterized as showing, either directly, circumstantially, or inferentially that defendant employed force against the victim in order to protect the truck from damage or theft. Contrary to defendant's claim, at no point did defendant indicate or suggest that he was concerned about the potential destruction or theft of his property, let alone that the conduct underlying the charges was motivated by such concerns.[5]

In sum, the trial court did not abuse its discretion by refusing to issue a "defense of property" jury instruction, considering that such an instruction was not supported by the facts.

Affirmed.

/s/ Jane E. Markey
/s/ William B. Murphy
/s/ Patrick M. Meter

---

[5] The prosecution seems to accept the view that the evidence supported the requested instruction solely as to the assault and battery charge based on defendant pushing the victim while on his porch in order to prevent her entry into the home. However, defendant makes no such argument on appeal and, again, it is not clear to us that the altercation on the porch even formed the basis for the simple assault and battery charge.