*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

Plaintiff-Appellee,

v

KEVIN EUGENE COUCH,

Defendant-Appellant.

UNPUBLISHED
October 24, 2019

No. 344851
Emmet Circuit Court
LC No. 18-004671-FH

Before: STEPHENS, P.J., and SERVITTO and RONAYNE KRAUSE, JJ.

PER CURIAM.

Defendant appeals as of right his jury trial conviction of false report of a felony, MCL 750.411a(1)(b). The trial court sentenced defendant to 3 months in jail. Because the trial court did not improperly alter a standard jury instruction, we affirm.

This case arises from a motor vehicle accident in the early morning hours of August 5, 2017, in Petoskey, Michigan. On the night of August 4, 2017, defendant, age 20, had been drinking alcohol with friends. He thereafter drove his friend Jason's truck and crashed the vehicle. In an apparent attempt to protect himself, defendant convinced Jason to report the truck as stolen. He agreed and did so, before being confronted by police officers and eventually admitting that he had lied about the vehicle being stolen. Defendant was thereafter charged with causing a false report of the commission of a felony.

Defendant's sole argument on appeal is that the trial court erred in altering M Crim JI 13.19 when instructing the jury. We disagree.

Claims of instructional error are reviewed de novo. *People v Hall*, 249 Mich App 262, 269; 643 NW2d 253 (2002). "[A] trial court's determination whether a jury instruction is applicable to the facts of the case is reviewed for an abuse of discretion." *People v Hawthorne*, 474 Mich 174, 181; 713 NW2d 724 (2006). "A trial court's decision regarding supplemental instructions will not be reversed unless failure to vacate the verdict would be inconsistent with substantial justice." *Bouverette v Westinghouse Electric Corp*, 245 Mich App 391, 402; 628 NW2d 86 (2001).

-1-

A defendant has the right to "a properly instructed jury." *People v Mills*, 450 Mich 61, 80; 537 NW2d 909 (1995). "The trial court is required to instruct the jury concerning the law applicable to the case and fully and fairly present the case to the jury in an understandable manner." *Id*. Jury instructions must include all the elements of the charged offense. *People v Clark*, 274 Mich App 248, 255; 732 NW2d 605 (2007). "When the standard jury instructions do not adequately cover an area, the trial court is obligated to give additional instructions when requested, if the supplemental instructions properly inform the jury of the applicable law and are supported by the evidence." *Westinghouse Electric Corp*, 245 Mich App at 401-402. Jury instructions are reviewed "in their entirety to determine if there is error requiring reversal." *People v McFall*, 224 Mich App 403, 412; 569 NW2d 828 (1997). There is no error where the instructions "fairly presented the issues to be tried and sufficiently protected the defendant's rights." *Id*. at 412-413.

Defendant was charged with violating MCL 750.411a(1), which states, in pertinent part:

[A] person who intentionally makes a false report of the commission of a crime, *or intentionally causes a false report of the commission of a crime to be made*, to a peace officer, police agency of this state or of a local unit of government, 9-1-1 operator . . . knowing the report is false, is guilty of a crime as follows:

\* \* \*

(b) . . . [I]f the report is a false report of a felony, the person is guilty of a felony . . . . [Emphasis added.]

The rule governing model jury instructions, MCR 2.512(D), provides in relevant part as follows:

(2) Pertinent portions of the instructions approved by . . . the Committee on Model Criminal Jury Instructions or a predecessor committee must be given in each action in which jury instructions are given if

(a) they are applicable,

(b) they accurately state the applicable law, and

(c) they are requested by a party.

\*\*\*

(4) This subrule does not limit the power of the court to give additional instructions on applicable law not covered by the model instructions. Additional instructions, when given, must be patterned as nearly as practicable after the style of the model instructions and must be concise, understandable, conversational, unslanted, and nonargumentative.

The model criminal jury instruction outlining false report of a felony, MCL 750.411a, provides as follows:

> (1) The defendant is charged with making a false report in connection with a felony to the police. To prove this charge the prosecutor must prove each of the following elements beyond a reasonable doubt:
>
> (2) First, the defendant reported to a [state trooper / deputy sheriff / police officer / (*state other peace officer*)] that a crime had been committed.
>
> (3) Second, that this report was false as to either the fact or the detail[s] of the crime.
>
> (4) Third, that when the defendant made the report, the defendant knew it was false.
>
> (5) Fourth, that the defendant intended to make a false report concerning a crime.
>
> (6) Fifth, that the crime reported was a felony, i.e., an offense [punishable by more than one year incarceration / declared by statute to be a felony]. [M Crim JI 13.19.]

The model jury instruction for the crime that defendant was charged with, false report of a felony, does not state that a defendant may be found guilty if he "causes" a false report of a crime to be made. See M Crim JI 13.19. At the time Standard Jury Instruction 13.19 was last amended in May 2003, MCL 750.411a(1) only prohibited the making of a false report, it did not forbid the causing of a false report to be made. See MCL 750.411a(1), as amended by 2002 PA 672. The Legislature added language prohibiting a person from "intentionally caus[ing] a false report of the commission of a crime to be made" on July 1, 2004. See MCL 750.411a(1), as amended by 2004 PA 104.

In this case, the trial court instructed the jurors on the elements of the crime charged, with additions to make clear that the statute also prohibits the conduct of "causing" a false report to be made. See MCL 750.411a(1)(b). When reviewed as a whole, the instructions sufficiently protected defendant's rights. See *McFall*, 224 Mich App at 412. The instructions told the jury each element of the crime. Despite defendant's assertion that this invited or permitted the jury to find the defendant guilty, the trial court was performing its duties under MCR 2.512(D). Because the standard jury instruction did not adequately cover all the elements of the crime charged, the trial court was obligated to give the additional instruction (See *Westinghouse Electric Corp*, 245 Mich App at 401-402), and the instructions given fairly presented the applicable law and sufficiently protected defendant's rights. See *Clark*, 274 Mich App at 256. The instruction included only the words found in the statute itself. The trial court properly made one modification to M Crim JI 13.19, which did not account for the July 1, 2004 amendment to MCL 750.411a(1), and, therefore, did not accurately address the crime of falsely reporting a felony. The additional instruction was applicable, accurately stated the law, was "patterned as nearly as practicable after the style of the model instructions," and was "concise, understandable,

conversational, unslanted, and nonargumentative." See MCR 2.512(D)(4). Defendant was thus not denied a fair trial and is not entitled to the relief sought. See *People v Everett*, 318 Mich App 511, 526-527; 899 NW2d 94 (2017).

Affirmed.

/s/ Cynthia Diane Stephens
/s/ Deborah A. Servitto
/s/ Amy Ronayne Krause