*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

*In re* KAH.

STACEY BATZER,

               Petitioner-Appellee,

v

KAH,

               Respondent-Appellant.

UNPUBLISHED
November 19, 2024
10:18 AM

No. 369850
Washtenaw Probate Court
LC No. 24-000012-MI

Before: GADOLA, C.J., and SWARTZLE and LETICA, JJ.

PER CURIAM.

The probate court granted a petition, ordering that respondent receive involuntary mental-health treatment. We affirm.

Respondent has been hospitalized several times since September 2020 when respondent drove the wrong way down the road and experienced "psychotic symptoms at the scene." She was again hospitalized in December 2020 and January 2021 for overdose suicide attempts, and in May 2021 for psychosis. In August 2022, respondent was hospitalized when she was unintentionally losing weight and not sleeping. In September 2022, respondent was hospitalized when her symptoms impaired her ability to maintain her daily needs. Respondent was hospitalized again in October and November 2023 because of difficulties in maintaining her housing and because she continued to call the police claiming that "people were after her."

A petition for mental-health treatment was filed with the probate court by a clinical social worker in January 2024 stating that respondent was no longer willing to take certain medication for her schizophrenia diagnosis because it was "making her gain weight." This initial petition was not accompanied by a clinical certificate. Later that month, respondent was examined by Dr. Daniel Healy, a psychiatrist. Dr. Healy diagnosed respondent with bipolar disorder with psychosis and stated that respondent "experiences episodes of mania and depression, both associated with paranoia, disorganized thoughts, and suspected auditory hallucinations." Dr. Healy also stated that respondent's treatment team wanted assisted outpatient treatment "to prescribe Prolixin D

-1-

injections." Soon after that examination, the clinical social worker filed an amended petition accompanied by Dr. Healy's clinical certificate.

The trial court held a hearing on the petition. Dr. Healy testified that respondent could be reasonably expected to injure herself or another individual, due to her mental illness. Dr. Healy testified about respondent's hospitalization and treatment history, explaining that in the September 2020 incident, respondent put herself and others at risk, and she could not explain why she was driving the wrong way down the road. Respondent had been hospitalized for suicide attempts, and, in the December 2020 overdose incident, respondent "thought she was being harassed by the devil."

Further, Dr. Healy testified that respondent was unable to attend to her own physical needs. Respondent had been hospitalized in August and September 2022 because of unintentional weight loss, lack of sleep, and "her symptoms [] impairing her ability to maintain her daily needs." Respondent also "has had some trouble maintaining housing" and was hospitalized in October and November 2023 because of these difficulties, which included respondent repeatedly "calling the police saying that people were after her." Dr. Healy testified that respondent understood that she needed treatment for anxiety and post-traumatic stress disorder (PTSD), but she disagreed with the psychotic-disorder diagnosis and anti-psychotic treatment. Voluntary treatment had been attempted several times, and Dr. Healy recommended that the trial court grant the petition, affirming that the treatment was "adequate and appropriate" to treat respondent's mental illness through the least restrictive means possible.

During her testimony, respondent testified, "I have never hallucinated or had audio or visual hallucinations." Respondent also testified, however, that she "would rather not talk about [her] struggles" with "demonic voices and forces" because she felt "that there are elements of society and spirituality that don't coincide together" and that "in the scientific community there is a disbelief and that is attributed to ascribing and prescribing mental illness on somebody." Respondent explained that she had filed 60 police reports because a group of men were harming her, and that it was "rude" to say that it had not happened. Respondent testified that the medications did not help her and only gave her side effects, "[l]ike skin peeling from [her] eyebrows and [her] scalp and have caused [her] to gain 183 pounds on [her] frame." Respondent testified, "I don't deserve to be on a medication that causes adverse side effects. And I don't deserve to be obese." Respondent claimed that she had anxiety, depression, PTSD, and attention deficit hyperactivity disorder, but not bipolar disorder or schizophrenia. Respondent requested that the probate court not "put [her] on an order because [she did] not need an order." Respondent asserted that she was not mentally ill.

The probate court noted, "I understand that [respondent] has some concern with the medication and weight gain and that is certainly uncomfortable." The probate court told respondent that she could discuss those side effects with her doctor, but the evidence showed by clear and convincing evidence that respondent was a person requiring treatment. The probate court granted the petition under MCL 330.1401(1)(a), (b), and (c), and it entered an order for "combined hospitalization and assisted outpatient treatment for no longer than 180 days."

Respondent now appeals.

Respondent argues that the evidence presented did not establish by clear and convincing evidence that respondent was a person requiring treatment under MCL 330.1401(1). Generally, we "review[] for an abuse of discretion a probate court's dispositional rulings and review[] for clear error the factual findings underlying a probate court's decision." *In re Portus*, 325 Mich App 374, 381; 926 NW2d 33 (2018) (cleaned up). In this case, the issue of whether the probate court properly found that respondent was a person requiring treatment was preserved because respondent objected to the order in the lower court. See *Glasker-Davis v Auvenshine*, 333 Mich App 222, 227; 964 NW2d 809 (2020). Respondent also claims, however, that the probate court plainly erred by conducting a hearing when the issue was that respondent objected to receiving the medical injection. Respondent objected to the medication in the lower court, but did not object to the hearing on that basis and, therefore, the issue is unpreserved.

"Although the plain-error rule cannot afford relief in civil cases, that restriction does not apply to civil-commitment proceedings, which present different constitutional considerations than traditional civil cases." *In re MAT*, ___ Mich App ___, ___; ___ NW3d ___ (2024) (Docket No. 369255); slip op at 3 n 1. To establish plain error, respondent must show that an error occurred; the error was plain; and the error affected respondent's substantial rights. *Henderson v Dep't of Treasury*, 307 Mich App 1, 9; 858 NW2d 733 (2014).

The Mental Health Code defines a "person requiring treatment" as meeting at least one of the following:

> (a) An individual who has mental illness, and who as a result of that mental illness can reasonably be expected within the near future to intentionally or unintentionally seriously physically injure himself, herself, or another individual, and who has engaged in an act or acts or made significant threats that are substantially supportive of the expectation.

> (b) An individual who has mental illness, and who as a result of that mental illness is unable to attend to those of his or her basic physical needs such as food, clothing, or shelter that must be attended to in order for the individual to avoid serious harm in the near future, and who has demonstrated that inability by failing to attend to those basic physical needs.

> (c) An individual who has mental illness, whose judgment is so impaired by that mental illness, and whose lack of understanding of the need for treatment has caused him or her to demonstrate an unwillingness to voluntarily participate in or adhere to treatment that is necessary, on the basis of competent clinical opinion, to prevent a relapse or harmful deterioration of his or her condition, and presents a substantial risk of significant physical or mental harm to the individual or others. [MCL 330.1401(1)(a) to (c).]

These criteria must be established by clear and convincing evidence. MCL 330.1465.

The evidence was clear and convincing in demonstrating that respondent had a mental illness and was a person in need of treatment under each subsection. Dr. Healy testified that respondent had bipolar disorder with psychosis. Further, respondent had a history of behavior that

-3-

posed a danger to herself or others including being hospitalized after driving the wrong way down the road and for pill overdoses; having thoughts about being harassed by the devil; and having episodes of psychosis. Accordingly, there was clear and convincing evidence that respondent had mental illness and could be reasonably expected to intentionally or unintentionally seriously physically injure herself or another individual in the near future and had engaged in acts supporting that expectation. MCL 330.1401(1)(a).

Likewise, the evidence was clear and convincing that as a result of her mental illness, respondent was unable to attend to her basic needs and avoid serious harm in the near future. MCL 330.1401(1)(b). Dr. Healy testified about respondent's inability to attend to her own physical needs, including difficulty maintaining housing and being hospitalized for unintentional weight loss and lack of sleep.

Furthermore, there was clear and convincing evidence that respondent's judgment was so impaired that she had demonstrated an unwillingness to voluntarily participate in or understand the need for necessary treatment, posing a substantial risk of harm to herself or others. See MCL 330.1401(1)(c). Dr. Healy testified that respondent understood that she needed some medical care, but she disagreed with the anti-psychotic medication. Respondent testified that she did not agree with the recommended medications, but Dr. Healy's testimony showed a substantial risk of harm if respondent did not take those medications. Therefore, the trial court did not err by finding that respondent was a person in need of treatment.

Respondent further argues that, because she was no longer willing to take the injection medication but she was still willing to work with mental-health-treatment professionals, a treatment order was not necessary and that the probate court failed to address the adverse impact of the medication. The probate court, however, acknowledged the side effects of which respondent complained, but properly found that respondent was a person requiring treatment and suggested that she discuss those concerns with her doctor. Moreover, respondent does not present any authority in support of her argument that the hearing was improper, and "[f]ailure to brief a question on appeal is tantamount to abandoning it." *Mitcham v Detroit*, 355 Mich 182, 203; 94 NW2d 388 (1959). Therefore, the trial court did not plainly err by holding a hearing on the petition. See *Henderson*, 307 Mich App at 9.

Finally, respondent argues that the initial petition for mental-health treatment was erroneously filed without an accompanying clinical certificate and that petitioner filed an unsigned supplement to the clinical certificate, violating the Mental Health Code. Respondent failed to present this issue in her statements of questions presented and, accordingly, the issue is not properly presented for appellate review. See *Bouverette v Westinghouse Electric Corp*, 245 Mich App 391, 404; 628 NW2d 86 (2001). In any event, we do not find any error as to the petition. Under MCL 330.1434(3), a petition must be accompanied by a clinical certificate completed by a physician or licensed psychologist. Although respondent is correct to indicate that the initial petition was filed without an accompanying clinical certificate, that petition only requested assisted-outpatient treatment, without hospitalization. The amended petition, requesting a combination of assisted-outpatient treatment and hospitalization, was filed before the hearing was

held, with a clinical certificate, and fulfilled the requirements of MCL 330.1434(3).  Therefore, respondent is not entitled to reversal on this issue.

Affirmed.

/s/ Michael F. Gadola
/s/ Brock A. Swartzle
/s/ Anica Letica