DYNAMIC CONSTRUCTION COMPANY v BARTON MALOW
COMPANY

Docket No. 154993. Submitted October 18, 1995, at Lansing. Decided
November 28, 1995, at 9:05 A.M.

  Dynamic Construction Company brought an action in the Oakland Circuit Court against Barton Malow Company and the University of Michigan Regents, alleging breach of contract. The university, in connection with a construction project, had entered into a contract with Barton Malow for that company's services as construction manager and had entered into a contract with Dynamic for that company's services as general contractor. Barton Malow moved for summary disposition, contending that Dynamic could not maintain an action for breach of the contract between the university and Barton Malow because Dynamic was not a party to that contract. The court, Richard D. Kuhn, J., denied the motion, ruling that Dynamic was a third-party beneficiary of the contract between the university and Barton Malow. Barton Malow appealed.

  The Court of Appeals *held:*

  Third-party beneficiary status requires an express promise to act to the benefit of the third party. Where no such promise exists, the third party cannot maintain an action for breach of the contract.

  In this case, the contract between the university and Barton Malow shows no express promises to act to the benefit of Dynamic. In fact, that contract expressly states that it does not give rise to any third-party beneficiary status in favor of any other contractors involved in the construction project.

  Reversed.

*Couzens, Lansky, Fealk, Ellis, Roeder & Lazar,
P.C.* (by *Bruce J. Lazar*), for Dynamic Construction
Company.

*Kohl, Secrest, Wardle, Lynch, Clark, and Hampton* (by *Michael L. Updike*), for Barton Malow
Company.

Before: MacKENZIE, P.J., and FITZGERALD and
J. P. O'BRIEN,* JJ.

PER CURIAM. This case involves a breach of
contract claim, brought on the theory that plaintiff
Dynamic Construction Company was a third-party
beneficiary of a contract between the University of
Michigan and defendant Barton Malow (hereafter
defendant). Defendant appeals by leave granted
from an order denying its motion for summary
disposition pursuant to MCR 2.116(C)(8). We re-
verse.

In 1981, the University of Michigan hired defen-
dant to act as construction manager to supervise
the planned expansion of its hospital. Article 15 of
the contract between defendant and the university
contains the following pertinent language:

> EXTENT OF AGREEMENT
>
> 15.1 This agreement represents the entire and
> integrated Agreement between the Owner and
> Construction Manager . . . . This Agreement shall
> not be superseded by provisions of contracts for
> construction and may be amended only by written
> instrument signed by both Owner and Construc-
> tion Manager.
>
> 15.2 Nothing contained herein shall be deemed
> to create any contractual relationship between the
> Construction Manager and the Architect or any of
> the contractors . . . on the Project; *nor shall any-
> thing contained herein be deemed to give any
> third party any claim or right of action against
> the Owner or the Construction Manager which
> does not otherwise exist without regard to this
> Agreement.* [Emphasis added.]

By separate contract, the university hired plain-
tiff as a general contractor for the hospital expan-

---

* Recorder's Court judge, sitting on the Court of Appeals by assign-
ment.

sion project. There was no contract between plaintiff and defendant.

After the project was finished, plaintiff filed a number of claims with the university for extra compensation allegedly attributable to differing site conditions, defective plans and specifications, change of field orders, and unanticipated extra work and delays. When those parties could not settle all the claims, plaintiff began this action against the university. Plaintiff later added a breach of contract claim against defendant. Defendant moved for summary disposition on the basis that plaintiff failed to state a claim for breach of contract because there was no contract between plaintiff and defendant. The trial court denied the motion, ruling that plaintiff was a third-party beneficiary of defendant's contract with the university. It is this ruling that defendant challenges on appeal.

MCL 600.1405; MSA 27A.1405 provides in relevant part:

> Any person for whose benefit a promise is made by way of contract, as hereinafter defined, has the same right to enforce said promise that he would have had if the said promise had been made directly to him as the promisee.
>
> (1) A promise shall be construed to have been made for the benefit of a person whenever the promisor of said promise has undertaken to give or to do or refrain from doing something directly to or for said person.

When determining whether the parties to the contract intended to make a third person a third-party beneficiary, a court should examine the contract using an objective standard. *Kammer Asphalt Paving Co, Inc v East China Twp Schools*, 443 Mich 176, 189; 504 NW2d 635 (1993); *Arrow*

*Sheet Metal Works, Inc v Bryant & Detwiler Co,*
338 Mich 68, 79-80; 61 NW2d 125 (1953). Third-
party beneficiary status requires an express prom-
ise to act to the benefit of the third party; where
no such promise exists, that third party cannot
maintain an action for breach of the contract.
*Fishbach-Natkin, Inc v Shimizu America Corp,* 854
F Supp 1294, 1303 (ED Mich, 1994). Thus, a person
who incidentally benefits from the performance of
some duty required under a contract has no rights
under the contract. *Kammer Asphalt, supra; Ar-
row Sheet Metal, supra.* In *Kammer Asphalt, su-
pra* at 190, our Supreme Court, quoting *Greenlees
v Owen Ames Kimball, Co,* 340 Mich 670, 676; 66
NW2d 227 (1954), explained:

> "A third person cannot maintain an action upon
> a simple contract merely because he would receive
> a benefit from its performance or because he is ʼ
> injured by the breach thereof. Where the contract
> is primarily for the benefit of the parties thereto,
> the mere fact that a third person would be inci-
> dentally benefited does not give him the right to
> sue for its breach."

Contractors, subcontractors, and their employees
are generally held not to be the third-party benefi-
ciaries of the contract between the general or
supervisory contractor and the project owner. See,
e.g., *Arrow Sheet Metal, supra; Nat'l Sand, Inc v
Nagel Construction, Inc,* 182 Mich App 327; 451
NW2d 618 (1990); *Rieth-Riley Construction Co, Inc
v Dep't of Transportation,* 136 Mich App 425; 357
NW2d 62 (1984); *Local 80 Sheet Metal Workers
Int'l Ass'n, AFL-CIO v Tishman Construction
Corp,* 103 Mich App 784; 303 NW2d 893 (1981).

While, as plaintiff claims, there is no Michigan
case involving the relationship between a general
contractor and a construction manager, our re-

search has found two cases that examined that relationship and found no third-party beneficiary relationship in favor of the general contractor or a subcontractor. In a case strikingly similar to the present one, *Buchman Plumbing Co v Regents of the Univ of Minnesota,* 298 Minn 328; 215 NW2d 479 (1974), the university contracted with James Steele Construction Company as general contractor for the project and separately with a number of prime subcontractors, including Buchman Plumbing, for the building's mechanical systems. Buchman claimed breach of the contract between Steele Construction Company and the university for damages from delays allegedly caused by Steele. The university and Steele denied that Buchman was a third-party beneficiary of their contract, and the Supreme Court of Minnesota agreed. The court held that Buchman failed to state a claim against the defendant based on a general provision in the principal contract that the university would not delay the project.

In *A R Moyer, Inc v Graham,* 285 So 2d 397 (Fla, 1973), the Supreme Court of Florida held that a general contractor was not a third-party beneficiary of the contract between the owner and the supervising architect or supervising engineer of a construction project because the owner's contract with the supervising firm was for the owner's benefit and the contractor had only an incidental interest in it. The court noted that, in the absence of the owner-supervising architect's or engineer's contracts in that case, general principles precluded recovery. The court noted:

> Our review of the law suggests to us that supervision generally is undertaken for the benefit of the owner to insure that the construction is proceeding in compliance with the plans and specifica-

tions approved by the owner. In general terms, a contractor is an incidental beneficiary absent clear intent manifested in the owner-architect contract to the contrary. Exceptions may exist possibly, such as in supervision to insure compliance with safety regulations which would be for the benefit of third party construction workers; however, no exceptions are apparent in the third question as posed. The theory that a supervising architect acts as agent for the owner also militates against a third party beneficiary approach. [285 So 2d 403.]

Review of the contract between defendant and the university in this case shows no express promises to act to the benefit of plaintiff; in fact, the contract expressly states that it does not give rise to any third-party beneficiary status in favor of any other contractors involved in the hospital project. In *Kammer Asphalt, supra,* the contract involved contained a similar clause repudiating the creation of any third-party beneficiaries; the Court concluded that any benefit to the plaintiff was incidental and did not give rise to a third-party beneficiary relationship. 443 Mich 190. Further, review of the contract indicates that the promises to manage the overall project ran to the university rather than the parties being managed. Although defendant's contractual duties to supervise and manage the project would necessarily affect, and possibly benefit, plaintiff, such benefits are incidental, and did not make plaintiff a third-party beneficiary of the contract. *Arrow Sheet Metal, supra; Buchman Plumbing, supra; A R Moyer, supra.*

Reversed.