KISIEL v HOLZ

Docket No. 267487. Submitted August 9, 2006, at Detroit. Decided August 29, 2006, at 9:00 a.m.

Walter Kisiel brought an action in the Oakland Circuit Court against Reihold Holz and others, including GFA Development, Inc., alleging various claims in connection with a residence Holz constructed for the plaintiff. GFA was a subcontractor under an oral subcontract with Holz. The plaintiff's claims against GFA included breach of the subcontract, negligent performance of the subcontract, and breach of the implied warranty of habitability. The court, Denise Langford Morris, J., granted summary disposition for GFA. The plaintiff appealed by leave granted.

The Court of Appeals *held*:

1. Summary disposition was proper on the claim that GFA breached the subcontract. Only an intended, rather than incidental, third-party beneficiary may sue when a contractual promise in its favor is breached. Intended third-party beneficiary status requires an express promise to act to the benefit of the third-party. A determination that a contract establishes an intended third-party beneficiary through a direct promise to the third party must be based on an objective review of the form and meaning of the contract itself. Although work performed by a subcontractor on property ultimately benefits the property owner, the property owner is not an intended third-party beneficiary of the contract between the general contractor and a subcontractor absent clear contractual language to the contrary. The oral subcontract in this case did not contain an express promise to perform the work for the plaintiff's benefit and was executed primarily for the contracting parties' benefit.

2. Summary disposition was also proper on the negligence claim. The failure to perform a contractual duty cannot give rise to a tort action unless the plaintiff alleges a violation of a duty that is separate and distinct from the underlying contractual obligation. The plaintiff did not allege such a duty.

3. Summary disposition was also proper on the claim concerning the implied warranty of habitability. That implied warranty provides a cause of action only against a builder-vendor who sells

a new home as part of a real estate transaction. A general contractor that constructs a new home on land the purchaser already owns is not a builder-vendor. Because Holz was not a builder-vendor, GFA, which was merely Holz's subcontractor, was not a builder-vendor either.

Affirmed.

CONTRACTS — THIRD-PARTY BENEFICIARIES — CONSTRUCTION — SUBCONTRACTORS.

Only an intended, rather than incidental, third-party beneficiary may bring an action for the breach of a contractual promise in the third party's favor; absent clear contractual language to the contrary, a property owner is not an intended third-party beneficiary of the contract between the general contractor and a subcontractor, despite the fact that the work performed by the subcontractor on the property ultimately benefits the property owner.

*Stark Reagan* (by *Patrick C. Hall, Jeffrey J. Fleury*, and *Sara Gorman Rajan*) for Walter Kisiel.

*Kistner, Troyanovich & Brady, P.C.* (by *Michael G. Troyanovich*), for GFA Development, Inc.

Before: SAAD, P.J., and JANSEN and WHITE, JJ.

PER CURIAM. Plaintiff appeals by leave granted the trial court's grant of partial summary disposition in favor of defendant GFA Development (GFA) under MCR 2.116(C)(8) and (10). We affirm.

This case arose after plaintiff contracted with defendant Holz Building Company, Inc., for construction of a residence. Defendant Reihold Holz, an owner of Holz Building Company, subcontracted with GFA for excavation work and the pouring of concrete. Sometime after the concrete was poured and the residence was completed, numerous cracks appeared in the basement walls and the basement floor. As a result, plaintiff sued Holz and several other defendants. Plaintiff's allegations against GFA and its principal, Gary Abitheira, included breach of the oral subcontract between Holz

and GFA, negligent performance of the subcontract, and breach of the implied warranty of habitability.[1]

A trial court's decision on a motion for summary disposition is reviewed de novo. *Collins v Comerica Bank*, 468 Mich 628, 631; 664 NW2d 713 (2003). A motion for summary disposition under MCR 2.116(C)(8) tests the legal sufficiency of the complaint. *Corley v Detroit Bd of Ed*, 470 Mich 274, 277; 681 NW2d 342 (2004). The motion should be granted only if the claims are so clearly unenforceable as a matter of law that no factual development could justify recovery. *Id*. A motion for summary disposition under MCR 2.116(C)(10) tests the factual sufficiency of the complaint. *Id*. at 278. Summary disposition should be granted under MCR 2.116(C)(10) if there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. *Id*.

Plaintiff argues that he was an intended third-party beneficiary under the oral subcontract between GFA and Holz. We disagree.

Only intended, rather than incidental, third-party beneficiaries may sue when a contractual promise in their favor has been breached. MCL 600.1405; *Schmalfeldt v North Pointe Ins Co*, 469 Mich 422, 427; 670 NW2d 651 (2003). More specifically, an incidental beneficiary has no rights under a contract. *Kammer Asphalt Paving Co, Inc v East China Twp Schools*, 443 Mich 176, 190; 504 NW2d 635 (1993), citing *Greenlees v Owen Ames Kimball Co*, 340 Mich 670, 676; 66 NW2d 227 (1954). A third person cannot maintain an action on a simple contract merely because he or she would receive a benefit from its performance or would be

---

[1] Plaintiff does not challenge the trial court's dismissal of defendant Gary Abitheira individually, and does not challenge the dismissal of his remaining claims against GFA.

injured by its breach. *Id.* "Third-party beneficiary status requires an express promise to act to the benefit of the third party; where no such promise exists, that third party cannot maintain an action for breach of the contract." *Dynamic Constr Co v Barton Malow Co*, 214 Mich App 425, 428; 543 NW2d 31 (1995). Further, a determination that a contract establishes an intended third-party beneficiary through a direct promise to the third party must be based on an objective review of the form and meaning of the contract itself. *Schmalfeldt, supra* at 428.

In general, although work performed by a subcontractor on a given parcel of property ultimately benefits the property owner, the property owner is not an intended third-party beneficiary of the contract between the general contractor and the subcontractor. 9 Corbin, Contracts (interim ed), § 779D, p 41; see also 2 Restatement Contracts, 2d, § 302, comment e, illustration 19, p 444 (property owner is only an incidental beneficiary of construction subcontract between general contractor and subcontractor). Absent clear contractual language to the contrary, a property owner does not attain intended third-party-beneficiary status merely because the parties to the subcontract knew, or even intended, that the construction would ultimately benefit the property owner. See, e.g., *155 Harbor Drive Condo Ass'n v Harbor Point Inc*, 209 Ill App 3d 631, 646-647; 568 NE2d 365 (1991); see also *Gentile v Ristas*, 160 Ohio App 3d 765, 791-792; 828 NE2d 1021 (2005); *Thomson v Espey Huston & Assoc, Inc*, 899 SW2d 415, 419-420 (Tex App, 1995); *Vogel Bros Bldg Co v Scarborough Constructors, Inc*, 513 So 2d 260, 261-262 (Fla App, 1987).

In the present case, on the basis of an objective review of the contract, we conclude that plaintiff was

not an intended third-party beneficiary of the oral subcontract between GFA and Holz. Before the start of construction, Holz orally subcontracted with GFA for excavation and concrete work. Plaintiff does not dispute the scope of this oral subcontract. There is nothing in the scope of the oral contract to suggest that GFA expressly promised to provide plaintiff with concrete walls. Because the oral contract did not contain an express promise to create the basement walls for plaintiff's benefit, and because the contract was primarily executed for the benefit of the contracting parties, plaintiff was only an incidental beneficiary. Accordingly, plaintiff is unable to maintain an action against GFA for breach of the subcontract.[2] *Kammer, supra* at 190. Summary disposition of this claim was properly granted.

Plaintiff next argues that he has stated a claim for negligence based on GFA's alleged failure to perform its duties under the subcontract. We disagree.

The failure to perform a contractual duty cannot give rise to a tort action unless the plaintiff alleges a violation of a duty "separate and distinct" from the underlying contractual obligation. *Rinaldo's Constr Corp v Michigan Bell Tel Co*, 454 Mich 65, 84; 559 NW2d 647 (1997). This rule applies to a plaintiff who is

---

[2] Plaintiff cites *Greenlees in* support of his argument that the he was an intended beneficiary under the contract. However, *Greenlees* is distinguishable because the contract at issue there contained a promise for the benefit of the plaintiff tenant and the tenants as a class. *Greenlees, supra* at 676. In this case, the oral subcontract did not contain an express provision intended to directly benefit plaintiff. Nor does the unpublished opinion provided as supplemental authority during oral argument aid plaintiff's position. Unpublished opinions of this Court are not binding under the rules of stare decisis. MCR 7.215(C)(1). Moreover, the contract in that case contained provisions that were intended to specifically benefit the property owner. No such provisions are contained in the subcontract at issue in this case.

not a party to the contract but alleges that a contracting party failed to perform its obligation under that contract. *Fultz v Union-Commerce Assoc,* 470 Mich 460, 467, 469-470; 683 NW2d 587 (2004). In this case, plaintiff's negligence claim fails as a matter of law because plaintiff does not allege that GFA owed him a duty "separate and distinct" from the contractual obligation owed to Holz. Summary disposition was properly granted on plaintiff's negligence claim.

Plaintiff finally argues that he can maintain an implied warranty of habitability claim against GFA. Again, we disagree.

The implied warranty of habitability provides a cause of action only against a "builder-vendor" who sells a new home as part of a real estate transaction. *Smith v Foerster-Bolser Constr, Inc,* 269 Mich App 424, 430-431; 711 NW2d 421 (2006). A general contractor that agrees to construct a new home on land already owned by the purchaser is not a builder-vendor. *Id.* Because Holz was not a builder-vendor within the meaning of *Smith,* it follows that GFA, a subcontractor that merely agreed to perform excavation and concrete work, was not a builder-vendor either. Because GFA was not a builder-vendor, plaintiff's implied warranty of habitability claim was properly dismissed.

In light of our conclusions in this case, we need not address the additional issue raised by plaintiff on appeal.

Affirmed.