CURRY v MEIJER, INC

Docket No. 288187. Submitted December 1, 2009, at Grand Rapids. Decided December 29, 2009, at 9:10 a.m.

Robert A. and Carrie A. Curry brought an action in the Calhoun Circuit Court against Meijer, Inc., Faber Brothers, Inc., Stream and Lake Tackle, Inc., and others, seeking damages for injuries sustained when Robert fell from a tree stand purchased from Meijer, manufactured by Loc-On Corporation, and supplied exclusively to Meijer by either Stream and Lake Tackle or Faber Brothers. Plaintiffs alleged negligent design and manufacture, failure to warn, sale of a defectively designed and manufactured tree stand, breach of express and implied warranties, and loss of consortium. Meijer filed a cross-claim, seeking indemnification from Stream and Lake Tackle and Faber Brothers. Meijer, Stream and Lake Tackle, and Faber Brothers filed motions for summary disposition. Meijer argued, in part, that it made no express warranty and that it could not be liable for breach of an implied warranty because plaintiffs failed to show, under MCL 600.2947(6)(a), that Meijer did not exercise reasonable care. The trial court, Allen L. Garbrecht, J., agreed with Meijer and granted defendants' motions for summary disposition. Plaintiffs appealed.

The Court of Appeals *held*:

1. MCL 600.2947(6) governs the liability of a nonmanufacturing seller in actions alleging breach of an implied warranty. A breach of an implied warranty claim is a type of, and not separate from, a breach of reasonable care claim. Breach of implied warranty is not a separate theory upon which to bring a products liability claim against a nonmanufacturing seller. MCL 600.2947(6)(a) requires a showing of fault to impose liability. The statute requires a plaintiff to establish that a nonmanufacturing seller failed to exercise reasonable care in addition to establishing proximate cause to prevail on a products liability claim based on breach of an implied warranty.

2. The trial court properly granted summary disposition on the basis that plaintiffs failed to present any evidence of a breach of reasonable care on the part of defendants with respect to the tree stand.

Affirmed.

BANDSTRA, J., concurring, agreed that MCL 600.2947(6)(a) protects a nonmanufacturing seller of a product from liability unless the seller failed to exercise reasonable care regarding the sale, regardless of the theory of liability advanced. He wrote separately, however, to note that the statute is not as clear or unambiguous as the majority portrays it to be. The statutes' reference to a "breach of any implied warranty" when, historically, it was not always necessary to establish any failure to exercise reasonable care to pursue such a breach, introduces some question and confusion about the statute's meaning.

PRODUCTS LIABILITY — BREACH OF IMPLIED WARRANTIES — REASONABLE CARE — NONMANUFACTURING SELLERS.

Breach of an implied warranty is not a separate theory upon which to bring a products liability claim against a nonmanufacturing seller; a plaintiff must establish that a nonmanufacturing seller failed to exercise reasonable care in addition to establishing proximate cause to prevail on a products liability claim based on the breach of an implied warranty (MCL 600.2947[6][a]).

*DeNardis, McCandless & Miller, P.C.* (by *Mark F. Miller, Ronald F. DeNardis,* and *Linda M. Galante*), for Robert A. and Carrie A. Curry.

*Vittorio E. Porco* for Meijer, Inc.

*Thomas P. Murray, Jr. & Associates* (by *Thomas P. Murray, Jr.*) for Faber Brothers, Inc.

*Garan Lucow Miller, P.C.* (by *Megan K. Cavanagh* and *Michael P. McCasey*), for Stream and Lake Tackle, Inc.

Before: MARKEY, P.J., and BANDSTRA and MURRAY, JJ.

MURRAY, J. Plaintiffs appeal as of right the trial court's order granting defendants' motions for summary disposition pursuant to MCR 2.116(C)(10). At issue is whether the trial court erred by ruling that MCL 600.2947(6)(a) of the Revised Judicature Act requires a plaintiff to establish a failure to exercise reasonable care to prevail on a breach

of implied warranty claim against a nonmanufacturing defendant. We hold that such a showing is necessary and, because plaintiffs failed to meet this burden, summary disposition of plaintiffs' complaint was appropriate. Accordingly, we affirm.

## I. BACKGROUND

On November 25, 2001, plaintiff Robert Curry was injured when he fell approximately 20 feet from a tree stand while hunting in Calhoun County. Curry had purchased the tree stand from defendant Meijer, Inc., some time between 1993 and 1995. The tree stand, manufactured by Loc-On Corporation, was supplied exclusively to Meijer by defendant Stream and Lake Tackle, Inc. (SLT), in 1993, and exclusively by defendant Faber Brothers, Inc., in 1994 and 1995.

Curry and his wife subsequently initiated suit against the seller and distributors of the tree stand alleging negligent design and manufacture, failure to warn, sale of a defectively designed and manufactured tree stand, breach of express and implied warranties, and loss of consortium.[1] Defendants answered in turn, and Meijer filed a cross-claim seeking indemnification from Faber Brothers and SLT.

Following the close of discovery, Meijer, SLT, and Faber Brothers filed motions for summary disposition. Meijer argued that it made no express warranty and

---

[1] Plaintiffs' first complaint named Loggy Bayou Enterprises of Arkansas and Meijer as defendants. Plaintiffs later filed two amended complaints, identical in substance to the original, adding the remaining defendants to this action. The manufacturer, Loc-On, is defunct and is not a party to this action. After initial discovery, Loggy Bayou was dismissed because it did not manufacture the tree stand in question, but only purchased naming rights. Defendant Stream and Lake Wholesale, Inc., was also dismissed because it was unauthorized to conduct business in the state of Michigan.

that it could not be liable for breach of implied warranty where plaintiffs could not show that Meijer did not exercise reasonable care under MCL 600.2947(6)(a), Curry purchased the tree stand without relying on Meijer's skill and judgment, and the tree stand owner's manual disclaimed all warranties except a three-year limited warranty. SLT's motion was identical in substance to Meijer's, with the additional arguments that besides plaintiffs' failure to show that SLT distributed the tree stand, plaintiffs' theory of causation was based on speculation and conjecture. Faber Brothers contested its liability on the grounds that Robert Curry was aware of the aforementioned three-year limited warranty and the accompanying warranty disclaimer, Curry misused the tree stand by failing to wear a safety belt, plaintiffs could not prove Faber Brothers distributed the tree stand, and plaintiffs could not overcome the statutory presumption of nonliability where the tree stand was in compliance with industry standards.

Plaintiffs responded that because a breach of implied warranty claim against a seller or distributor does not require a showing of negligence and because a seller or distributor need not know the particular purpose for which a good was purchased, expert testimony that the tree stand was defectively designed and not fit for its intended purpose was sufficient to withstand defendants' motion for summary disposition. Additionally, plaintiffs contended that an implied warranty of merchantability could not be disclaimed, the nonliability aspect of the products liability statute applied only to the negligence (or reasonable care) portion of the statute, Robert Curry did not misuse the tree stand or if he did such misuse was foreseeable, and Curry's claims that he purchased the tree stand from Meijer and that Faber Brothers and SLT were the only potential distributors of the tree stand were sufficient to survive a causation challenge.

Agreeing with defendants' arguments, the trial court found that under MCL 600.2947(6)(a), "for the Plaintiffs to prevail on a breach of implied warranty claim against a non-manufacturing Defendant, they must show that the Defendant failed to exercise reasonable care—that the Defendant knew or had reason to know of the alleged defect." Thus, the court granted summary disposition because plaintiffs could neither satisfy this burden nor show that defendants had provided plaintiffs with any express warranties. In light of this order, Meijer stipulated to dismissal of its cross-claims, and on September 17, 2008, the trial court entered the final order from which plaintiffs now appeal.

## II. ANALYSIS

Before this Court, plaintiffs challenge the trial court's ruling only insofar as it held that MCL 600.2947(6) requires a showing of negligence to sustain a breach of implied warranty claim. We review de novo matters of statutory interpretation as well as the grant or denial of a motion for summary disposition. *Allison v AEW Capital Mgt, LLP*, 481 Mich 419, 424; 751 NW2d 8 (2008). A motion for summary disposition pursuant to MCR 2.116(C)(10) should be granted when there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. *Maiden v Rozwood*, 461 Mich 109, 120; 597 NW2d 817 (1999). A genuine issue of material fact exists when reasonable minds could differ after drawing reasonable inferences from the record. *West v Gen Motors Corp*, 469 Mich 177, 183; 665 NW2d 468 (2003). In reviewing this issue, the Court must consider the pleadings, affidavits, depositions, admissions, and other documentary evidence and construe them in the light most favorable to the nonmoving party. *Corley v Detroit Bd of Ed*, 470 Mich 274,

278; 681 NW2d 342 (2004). Where the burden of proof rests with the nonmoving party, that party must respond with documentary evidence to demonstrate the existence of a genuine issue of material fact for trial. *Maiden*, 461 Mich 120-121. The failure of the nonmoving party to so respond results in the entry of judgment for the moving party. *Id.*

Before 1996, it was settled in Michigan that a plaintiff was not required to establish negligence to recover under a breach of implied warranty theory. *Piercefield v Remington Arms Co*, Inc, 375 Mich 85, 96; 133 NW2d 129 (1965). Rather, at common law, a plaintiff need only show that a product was sold in a defective condition and the defect caused the plaintiff's injury. *Id.* at 96-97. However, tort reform legislation effective in 1996 displaced application of the common law in certain products liability actions. *Greene v A P Products, Ltd*, 475 Mich 502, 507-508; 717 NW2d 855 (2006). Thus, MCL 600.2947(6), contained within the Revised Judicature Act, now governs the liability of a nonmanufacturing seller in breach of implied warranty cases. That section provides:

> In a product liability action, a seller other than a manufacturer is not liable for harm allegedly caused by the product unless either of the following is true:
>
> (a) The seller failed to exercise reasonable care, including breach of any implied warranty, with respect to the product and that failure was a proximate cause of the person's injuries.
>
> (b) The seller made an express warranty as to the product, the product failed to conform to the warranty, and the failure to conform to the warranty was a proximate cause of the person's harm. [MCL 600.2947(6).]

At issue, then, is whether the tort reform legislation now requires a showing of fault, i.e., that a seller failed

to exercise reasonable care, to maintain an action for breach of implied warranty (as defendants argue) or whether the tort reform legislation left the traditional test for breach of implied warranty intact (as plaintiffs argue). Because plaintiffs failed to present any evidence of negligence on the part of defendants as required to withstand defendants' summary disposition motions,[2] *Maiden*, 461 Mich 120-121, plaintiffs' claim is wholly dependent on resolution of this issue.

We begin our analysis by reviewing the plain language of the statute to determine the Legislature's intent. *DiBenedetto v West Shore Hosp*, 461 Mich 394, 402; 605 NW2d 300 (2000). Where the language is clear and unambiguous, "further construction is neither required nor permitted." *Nastal v Henderson & Assoc Investigations, Inc*, 471 Mich 712, 720; 691 NW2d 1 (2005).

MCL 600.2947(6)(a) and (b) clearly and unambiguously predicate product liability on a nonmanufacturing seller for harm allegedly caused by the product under only two scenarios: (a) where the seller fails to exercise reasonable care, or (b) where there is a breach of an express warranty. The language is about as clear and unambiguous as it could be. However, plaintiffs argue that there are two liability standards within subsection (a), i.e., failure to exercise reasonable care and breach of implied warranty. While subsection (a) contains the clause, "including breach of any implied warranty," the grammatical context and placement of this clause indicate that the Legislature did not intend to create a third avenue of liability. See *Bush v Shabahang*, 484 Mich 156, 167; 772 NW2d 272 (2009) ("statutory language must be read and understood in its grammatical con-

---

[2] Plaintiffs only presented evidence that the tree stand may have been defective.

text, unless it is clear that something different was intended") (citations and quotation marks omitted), and *Sun Valley Foods Co v Ward*, 460 Mich 230, 237; 596 NW2d 119 (1999) (interpretation of critical statutory language involves consideration of both the placement and purpose of the critical phrase in the statutory scheme as well as its grammatical context); see also *Niles Twp v Berrien Co Bd of Comm'rs*, 261 Mich App 308, 315; 683 NW2d 148 (2004) ("the Legislature is presumed to know the rules of grammar").

Important regarding grammatical context is that the Legislature chose to use the term, "including," in the phrase discussing the breach of an implied warranty. The *Random House College Dictionary* (rev ed, 1988) defines the verb, "include," in relevant part as "to contain as a subordinate element; involve as a factor" and "to take in or consider as a part or member of." This definition is crucial because, in context, the phrase "including breach of any implied warranty," is a present participial phrase derived from the verb, "include," and is used as an adjective to modify "care."[3] Consequently,

---

[3] In *In re Forfeiture of $5,264*, 432 Mich 242, 254 n 9; 439 NW2d 246 (1989), our Supreme Court interpreted the meaning of a similar statutory clause that also employed the term, "including." In finding that the phrase modified the relevant antecedent noun, the Court explained:

"A *participle* is a verbal adjective, a word having the function of both verb and adjective. As a verb form, it can take an object and be affected in meaning by an adverb. *As an adjective, it can modify a noun or pronoun and can itself be modified by an adverb.* [Shaw, *Errors in English and Ways to Correct Them* (New York: Harper & Row, 3d ed, 1986), p 227]."

A participle may be in the present (singing, asking), past (sung, asked) or perfect (having sung or having been sung, having asked or having been asked) tense. *Id.* A *participial phrase* takes its name from the initial word in the phrase. *Id.*, p 229.

From these basic rules of grammar, we infer that the proviso "including but not limited to" is a present participial phrase

as used in the aforementioned participial phrase, a breach of any implied warranty constitutes a "subordinate element" of the broader reasonable care standard. Put another way, a breach of implied warranty claim is a type of, and not separate from, a breach of reasonable care claim.

Further buttressing this conclusion is that the last clause of subsection (a), which imposes a final condition to imposing liability, refers to a singular failure, i.e., "that failure," that must be a proximate cause of the person's injuries. MCL 600.2947(6)(a). The only failure in subsection (a) to which this language refers is the failure to exercise reasonable care. Plaintiffs' argument would be more attractive if the Legislature had used the disjunctive, "or," in place of the participle, "including," so that the statute would have read "and that failure *or breach of any implied warranty* was a proximate cause of the person's injuries." *Yankee Springs Twp v Fox*, 264 Mich App 604, 608; 692 NW2d 728 (2004) ("The disjunctive term 'or' refers to a choice or alternative between two or more things."). Under that scenario, then, the language would impute liability if: "the seller failed to exercise reasonable care, *or* breached any implied warranty." The plain language, however, makes no such allowance. Thus, breach of implied warranty is not a separate theory upon which to bring a products liability claim against a nonmanufacturing seller.

Of additional significance is the location of the breach of implied warranty clause within § 2947(6). *Bush*, 484 Mich 167. Specifically, that clause appears in subsection (a), which deals with fault, as opposed to subsection (b), under which the breach of an express

derived from the verb "include." The phrase as used in the first sentence of [MCL 333.7521(1)(f)] is an adjective modifying the noun "thing." [Emphasis in original.]

warranty (with causation) alone is sufficient to impose liability. This distinction is key because traditionally a breach of warranty claim sounds in "contract" whereas the use of reasonable care, an element of negligence, sounds in "tort." *Hill v Harbor Steel & Supply Corp*, 374 Mich 194, 203; 132 NW2d 54 (1965). Thus, the placement of the breach of implied warranty provision as a modifier in the "tort" subsection of § 2947(6) further indicates the Legislature's intent to add an element of fault to a traditional breach of implied warranty claim.[4]

Contrary to plaintiffs' argument, our holding that § 2947(6)(a) requires a showing of fault to impose liability does not render the clause, "including breach of any implied warranty," mere surplusage or nugatory. See *Sun Valley Foods*, 460 Mich 237. Rather, it is plaintiffs' interpretation that would inject uncertainty into this section. Indeed, were subsection (a) to permit

---

[4] This conclusion is also consistent with the broader statutory scheme of tort reform, *Bush*, 484 Mich 167, which this Court has previously described as "a series of bills that overhauled the tort system in Michigan[,]" *Wysocki v Felt*, 248 Mich App 346, 359; 639 NW2d 572 (2001). Similarly, although review of legislative history is not to be considered when interpreting an unambiguous statute, *In re Certified Question*, 468 Mich 109, 115 n 5; 659 NW2d 597 (2003), we note that our conclusion is consistent with Senate Legislative Analysis, SB 344, January 11, 1996, p 11, which provides:

[MCL 600.2947(6)(a)] establishes a fault-based standard of liability for nonmanufacturing product sellers, by providing that a seller is not liable unless it failed to exercise reasonable care or a product failed to conform to an express warranty, and the failure was a proximate cause of the harm. By holding sellers responsible only for their own wrongdoing, the bill will eliminate unnecessary and burdensome legal costs and insurance premiums. Since manufacturers ultimately indemnify sellers for the harm caused by the manufacturers' own products, claims should be brought directly against them. In addition, placing liability on the party that is in the best position to prevent harm will encourage product safety.

two types of claims as plaintiffs contend, then the
implied warranty "exception" would swallow the rule.
In other words, any time a plaintiff alleged injury
resulting from a product defect, he would need only
establish a breach of implied warranty; the reasonable
care standard would seldom, if ever, come into play. This
would in effect render the entire subsection surplusage
or nugatory because the common-law breach of implied
warranty standard would become the de facto standard
in most if not all product defect cases. Such an inter-
pretation runs afoul of the clear intent of the Legisla-
ture.

Plaintiffs cite two opinions from this Court decided
after tort reform legislation was enacted in support of
their position that " 'the theories of negligence and
implied warranty remain separate causes of action with
different elements.' " *Kenkel v Stanley Works*, 256 Mich
App 548, 556; 665 NW2d 490 (2003), quoting *Bouverette
v Westinghouse Electric Corp*, 245 Mich App 391, 395;
628 NW2d 86 (2001). The defendants in both those
cases, however, were manufacturers, rather than non-
manufacturing sellers as is the case here. *Kenkel*, 256
Mich App 551; *Bouverette*, 245 Mich App 393. As such,
neither *Kenkel* nor *Bouverette* applied—much less even
mentioned—§ 2947(6), which is undisputedly disposi-
tive in this case. Reliance on those cases is not instruc-
tive.[5]

---

[5] While plaintiffs point out that unpublished caselaw of this Court, see
*Adams v Meijer, Inc*, unpublished opinion per curiam of the Court of
Appeals, issued December 18, 2001 (Docket No. 224213), and *Hastings
Mut Ins v Gen Motors Corp*, unpublished opinion per curiam of the Court
of Appeals, issued March 29, 2005 (Docket No. 252427), as well as several
federal district court decisions from the Eastern District of Michigan
have reached conflicting conclusions regarding whether MCL
600.2947(6)(a) allows for the imposition of liability without a showing of
fault, neither unpublished decisions from this Court nor federal caselaw
is binding precedent. *Sharp v City of Lansing*, 464 Mich 792, 803; 629

As we noted in footnote five, the United States Court of Appeals for the Sixth Circuit addressed this precise issue last year. In *Croskey v BMW of North America, Inc*, 532 F3d 511, 520-521 (CA 6, 2008), the court held that the straightforward language of § 2947(6)(a) compelled the conclusion that a nonmanufacturing seller can only be liable for failing to exercise reasonable care or for breach of an express warranty:

> The plain language of the statute indicates that the legislature did not intend failure to exercise reasonable care and breach of implied warranty to be separate products liability claims. Section 600.2947(6)(a) states that a non-manufacturing seller is not liable unless "[t]he seller failed to exercise reasonable care, including breach of any implied warranty, with respect to the product and that failure was a proximate cause of the person's injuries." Had the legislature intended this section to allow for two separate claims, it would have used the conjunction "or": "the seller failed to exercise reasonable care, *or* breached any implied warranty." The legislature's use of "including" indicates, as the district court ruled in this case, that breach of implied warranty claims are to be considered *a type* of reasonable care claim, not a separate claim. *See Coleman v. Maxwell Shoe Co.*, 475 F Supp. 2d 685 (E.D. Mich. 2007). This conclusion is further supported by the

NW2d 873 (2001); *Kisiel v Holz*, 272 Mich App 168, 172 n 2; 725 NW2d 67 (2006); MCR 7.215(C)(1). Regardless, we note that the United States Court of Appeals for the Sixth Circuit recently resolved this conflict in the federal district court consistent with our holding in this case. See *Croskey v BMW of North America, Inc*, 532 F3d 511, 519-521 (CA 6, 2008). The Sixth Circuit's rationale, as well as that articulated by Judge Lawrence Zatkoff in *Coleman v Maxwell Shoe Co, Inc*, 475 F Supp 2d 685, 687-691 (ED Mich, 2007), and Judge Gerald Rosen in *Mills v Curioni, Inc*, 238 F Supp 2d 876, 885-888 (ED Mich, 2002), are well reasoned and consistent with our judicial duty to enforce all the plain language in a statute. We also decline to address plaintiffs' arguments pertaining to civil jury instructions and the definition of fault in MCL 600.6304(8), because plaintiffs improperly raise both issues for the first time in their reply brief. *Blazer Foods, Inc v Restaurant Properties, Inc*, 259 Mich App 241, 252; 673 NW2d 805 (2003); MCR 7.212(G).

last clause of § 600.2947(6)(a): "and that failure [to exercise reasonable care] was a proximate cause of the person's injuries." The legislature did not use the language "and that failure or breach of implied warranty was a proximate cause of the person's injuries." Clearly, the only claim envisioned by the legislature in § 600.2947(6)(a) was failure to exercise reasonable care.

\* \* \*

Therefore, a plaintiff can recover against a non-manufacturing seller only if the seller fails to exercise reasonable care, or breaches an *express* warranty. Both the plain language of § 600.2947(6) and the legislative intent behind the statute show that non-manufacturing sellers cannot be held liable for damages due to breach of implied warranty, unless they failed to exercise reasonable care. Given the plain language of the statute, it is clear that the district court did not err in denying plaintiff's request to give the model jury instruction. It was necessary to modify the instruction to reflect the law as it applied to the seller, defendant BMW NA. As modified, the instruction includes reference to the breach of implied warranty, as requested by plaintiff, but also includes the negligence element as required by Michigan statutory law. [Emphasis in original.]

We agree with this rationale.

Finally, plaintiffs advance a public policy argument for our use in interpreting the statute. Essentially, plaintiffs argue that because many consumer goods sold in the United States are manufactured in China (by which plaintiffs must also mean unavailable to be sued), the Legislature could not have intended to drastically limit the liability of nonmanufacturing sellers by requiring plaintiffs to show fault in breach of implied warranty cases. Initially, we note that the tree stand in this case was manufactured by an American-owned corporation, so what Chinese manufacturers have to do with this case is not at all clear. Additionally, because we

are not dealing with common-law tort issues, plaintiffs' argument invoking economic policy issues should be raised to their state representative or senator for debate within the halls of our Legislature, not to the Judiciary. *Nemeth v Abonmarche Dev, Inc*, 457 Mich 16, 43; 576 NW2d 641 (1998); *Ambs v Kalamazoo Co Rd Comm*, 255 Mich App 637, 650; 662 NW2d 424 (2003). We will not engage in judicial activism simply to rectify the injustice plaintiffs perceive will result from a straightforward application of § 2947(6)(a).

### III. CONCLUSION

In sum, MCL 600.2947(6)(a) requires a plaintiff to establish that a nonmanufacturing seller failed to exercise reasonable care in addition to establishing proximate cause to prevail on a products liability claim based on breach of implied warranty. Because plaintiffs failed to present any evidence of a breach of reasonable care on the part of defendants with respect to the tree stand, the trial court properly granted defendants' motion for summary disposition.[6]

Affirmed.

Defendants may tax costs, having prevailed in full. MCR 7.219(A).

MARKEY, P.J., concurred.

BANDSTRA, J. (*concurring*). I concur with the majority that the statute applicable here, MCL 600.2947(6)(a), protects Meijer from liability because plaintiffs have no proof that Meijer "failed to exercise reasonable care" in selling the tree stand to them. However, I write sepa-

---

[6] Given our holding, it is unnecessary to address defendant Faber Brothers' argument regarding whether any implied warranty was disclaimed.

rately to note that the statute is not as clear or unambiguous as the majority portrays it to be. As plaintiffs' argument demonstrates, the statute's reference to a "breach of any implied warranty" when, historically, it was not always necessary to establish any failure to exercise reasonable care to pursue such a breach, introduces some question and confusion about the statute's meaning. Notwithstanding that, I agree that the statute, properly interpreted, protects a non-manufacturing seller of a product from liability unless that seller failed to exercise reasonable care regarding the sale, regardless of the theory of liability advanced.