# STATE OF MICHIGAN

# COURT OF APPEALS

PATRICK J. McCOURT,

Plaintiff-Appellant,

v

KENNETH C. FOWLER, PATRICK J. BERARDO, RICHARD W. BARCH, CULLEN DuBOSE, CRHC, INC, & PINE VILLA LIMITED DIVIDEND HOUSING ASSOCIATION, a Michigan limited partnership,

Defendants-Appellees.

UNPUBLISHED
May 12, 2015

Nos. 319772, 319926
Gratiot Circuit Court
LC No. 13-011825-CZ

Before: BOONSTRA, P.J., and SAAD and MURRAY, JJ.

PER CURIAM.

In docket number 319772, plaintiff appeals by right the trial court's November 4, 2013 order granting summary disposition to defendants pursuant to MCR 2.116(C)(8), subject to plaintiff's motion to amend his complaint. In docket number 319926, plaintiff appeals by right the trial court's December 13, 2013 order denying plaintiff's motion to amend.[1] We reverse and remand for further proceedings in docket number 319772. We affirm in docket number 319926.

## I. PERTINENT FACTS AND PROCEDURAL HISTORY

Defendant Pine Villa Limited Dividend Housing Association ("Pine Villa") is a limited partnership formed under the laws of the state of Michigan. The remaining individual defendants and defendant CRHC, Inc. ("CRHC") are present or former general partners in Pine Villa. According to the complaint, plaintiff was a limited partner of Capital Housing Partners-XCVIII ("CHP-98") "at all times pertinent to these proceedings." CHP-98 was formed as a District of Columbia limited partnership. The complaint further alleged that CHP-98 was a

---

[1] The trial court entered a nunc pro tunc order on January 10, 2014, reflecting the final disposition of the case and indicating that the period of appeal for the November 4, 2013 order was extended to January 3, 2014.

limited partner of Pine Villa "[a]t all times pertinent to these proceedings." Thus, plaintiff was a limited partner of a limited partner of Pine Villa.

Plaintiff alleged in his complaint that Pine Villa owned and managed real property in the form of apartment buildings in Alma, Michigan in Gratiot County. Plaintiff also alleged that defendant Kenneth C. Fowler was the managing general partner of Pine Villa. Plaintiff alleged that Pine Villa reinvested excess revenues in the partnership and accumulated a repair and maintenance reserve of approximately three million dollars. Plaintiff alleged that, once the mortgage debt was paid and the property was not encumbered, the general partners failed to offer the project for sale or refinance the project so as to return to the limited partners their investment. Further, plaintiff alleged that Fowler and the other individual defendants, in their capacity as general partners of Pine Villa, caused the entirety of the reserve fund to be expended on improvements to the property. The general partners then informed CHP-98 that it and its limited partners would suffer adverse tax consequences as the result of the expenditure of the reserve fund and offered to purchase CHP-98's interest in Pine Villa; the majority of CHP-98's partners approved the sale of CHP-98's interest in the fall of 2011, although plaintiff voted against it.

Plaintiff filed suit on August 12, 2013. Plaintiff brought the action in his derivative capacity as a limited partner of CHP-98, pursuant to MCL 449.2001. Plaintiff alleged that defendants' conduct in "vastly undervaluing the value of the project" and raising the specter of adverse tax consequences enabled them to obtain CHP-98's interest at an unfair price, contrary to their fiduciary obligations. Plaintiff also alleged that defendants had breached the partnership agreement and breached their statutory duties to CHP-98 under Michigan's Revised Uniform Limited Partnership Act (RULPA), MCL 449.1101 *et seq*. CHP-98's interest, and therefore plaintiff's indirect interest, in Pine Villa was eliminated as the result of the sale.

In lieu of filing an answer, defendants moved the trial court for summary disposition pursuant to MCR 2.116(C)(8) (failure to state a claim for which relief could be granted). Defendants argued that RULPA prohibited plaintiff's suit, because MCL 449.2002 prohibits a party from bringing a derivative action on behalf of a limited partnership if the party is not a partner at both the time of the alleged wrongdoing and the time of the filing of the lawsuit. Plaintiff argued in response that the common law allowed such a suit to brought and that RULPA did not abrogate the common law; further plaintiff argued that an exception existed for claims that a limited partner was deprived of its interest by fraud and that, if the trial court granted defendants' motion, he should be permitted to amend his complaint to allege fraud. The trial court granted defendants' motion, finding that RULPA unequivocally barred plaintiff's suit because "the statute supersedes the common law." The trial court granted plaintiff 21 days to file a written motion to amend his complaint.

Plaintiff filed such a motion, moving the trial court to amend his complaint to seek recovery for his claims directly (rather than derivatively on behalf of CHP-98) under the theory that he was a third-party beneficiary of the partnership agreement among defendants as general partners of Pine Villa and CHP-98. The trial court denied the motion, finding that the amendment was legally insufficient and futile because plaintiff was not an intended third-party beneficiary of the partnership agreement. The dismissal of plaintiff's claims thus became final.

This appeal followed.

-2-

## II. STANDARD OF REVIEW

A grant or denial of summary disposition based upon a failure to state a claim is reviewed de novo on appeal. *Bailey v Schaaf*, 494 Mich 595, 603; 835 NW2d 413 (2013). A trial court may grant summary disposition to a party on the ground that the opposing party has failed to state a claim on which relief can be granted. MCR 2.116(C)(8); *Henry v Dow Chem Co*, 473 Mich 63, 71; 701 NW2d 684 (2005). A motion made under MCR 2.116(C)(8) tests the legal sufficiency of a claim and is decided by reference to the pleadings alone. *Bailey v Schaaf*, 494 Mich 595, 603; 835 NW2d 413 (2013). The reviewing court must accept all pleaded factual allegations in support of a claim as true, as well as any reasonable inferences and conclusions that can be drawn from the facts; such allegations, inferences, and conclusions are to be construed in the light most favorable to the nonmoving party. *Johnson v Pastoriza*, 491 Mich 417, 435; 818 NW2d 279 (2012); *Gorman v American Honda Motor Co*, 302 Mich App 113, 131; 839 NW2d 223 (2013). A motion under MCR 2.116(C)(8) should be granted only when the claim is so clearly unenforceable as a matter of law that no factual development could possibly justify recovery. *Johnson*, 491 Mich at 435. When an action is based on a written contract, a copy of the contract must be attached to the complaint, and it becomes part of the pleadings and may be considered in deciding a motion for summary disposition based on the failure to state a claim. MCR 2.113(F); *Laurel Woods Apartments v Roumayah*, 274 Mich App 631, 635; 734 NW2d 217 (2007).

The grant of summary disposition based on the failure to state a claim should always be with prejudice. *ABB Paint Finishing v Nat'l Union Fire Ins*, 223 Mich App 559, 563; 567 NW2d 456 (1997). However, leave to amend the pleadings should be freely given to the nonprevailing party unless the amendment would be futile or otherwise unjustified. *Ormsby v Capital Welding, Inc*, 471 Mich 45, 52-53; 684 NW2d 320 (2004).

## III. GRANT OF SUMMARY DISPOSITION

In docket number 319772, plaintiff argues that the trial court erred in granting summary disposition to defendants, pursuant to MCR 2.116(C)(8), based on its determination that RULPA barred plaintiff's claims. We agree.

MCL 449.2001 provides that

A limited partner may bring an action in the right of a limited partnership to recover a judgment in its favor if general partners with authority to do so have refused to bring the action or if an effort to cause those general partners to bring the action is not likely to succeed.

However, MCL 449.2002 states that

In a derivative action, the plaintiff must be a partner at the time of bringing the action and (1) at the time of the transaction of which the plaintiff complains or (2) his or her status as a partner had devolved upon him or her by operation of law or pursuant to the terms of the partnership agreement from a person who was a partner at the time of the transaction.

In this case, plaintiff stated in his original complaint that "[t]his action is brought by Plaintiff in his derivative capacity as a limited partner of CHP-98, pursuant to MCL 449.2001." Defendants argued before the trial court, and on appeal, that because CHP-98, and through it, plaintiff, possessed no interest *in Pine Villa* at the time the lawsuit was filed, MCL 449.2002 barred plaintiff's lawsuit. The trial court agreed with defendants that it did. However, we conclude that all parties were laboring under a misinterpretation of MCL 449.2002.

This Court, in interpreting statutes, attempts to ascertain the intent of the Legislature through the specific language of the statute. *United States Fidelity Ins & Guaranty Co v Mich Catastrophic Claims Ass'n* (*On Rehearing*), 484 Mich 1, 13; 795 NW2d 101 (2009). We interpret words and phrases in a statute in context. *Bush v Shabahang*, 484 Mich 156, 167; 772 NW2d 272 (2009). An apparently ambiguous statute can be clarified by the remainder of the statutory scheme. *SMK, LLC v Dep't of Treasury*, 298 Mich App 302, 305; 826 NW2d 186 (2012). Statutes that relate to the same subject are *in pari materia* and should be read together. *State Treasurer v Schuster*, 456 Mich 408, 417; 572 NW2d 628 (1998).

Here, the relevant language of MCL 449.2002 is: "In a derivative action, the plaintiff must be a partner at the time of bringing the action." Defendants principally argued below (and the trial court appeared to agree) that this language required CHP-98 to be a partner of Pine Villa at the time the suit was filed in order for plaintiff to bring a suit on its behalf. However, read in context, it is clear that MCL 449.2002 requires a plaintiff in a derivative action to be a partner *in the partnership on whose behalf the action is brought* at the time of filing suit. MCL 449.2001 authorizes a limited partner to bring an action on behalf of a limited partnership if the general partners refuse to do so. Read *in pari materia*, the "derivative action" referred to in MCL 449.2002 refers to an action brought under MCL 449.2001. Nothing in MCL 449.2001 states that the limited partnership itself must be a limited partner of the party against whom the suit was brought.[2] Rather, it is clear from the two statutes that the dispositive question is whether a plaintiff is a limited partner of the limited partnership on whose behalf he brings the action. To hold otherwise would be illogical. By way of example, if a limited partner in limited partnership A brought a derivative action on behalf of A to recover funds owed to the partnership by a client corporation B, would MCL 449.2002 bar the suit because A was not (and could never be) a "partner" of B at the time the suit was filed? We decline to adopt such a construction. See *Livonia Hotel, LLC v Livonia*, 259 Mich App 116, 131; 673 NW2d 763 (2003).

Thus, the issue becomes whether plaintiff was a limited partner of CHP-98 at the time of filing suit, as required by MCL 449.2002.[3] Under the standards of MCR 2.116(C)(8), we conclude that plaintiff has stated a claim that is not barred by MCL 449.2002. Plaintiff alleged

---

[2] In this case, plaintiff named both Pine Villa and its general partners as defendants.

[3] MCL 449.2002 also requires that a plaintiff have been a partner "at the time of the transaction of which the plaintiff complains." Defendants acknowledge that plaintiff alleged in his complaint that he had an interest in CHP-98 at the time of the alleged wrongful conduct. There is no dispute, therefore, that that prong of MCL 449.2002 is satisfied for purposes of analysis under MCR 2.116(C)(8).

that "at all times pertinent to these proceedings" he was a limited partner of CHP-98. The exhibits to plaintiff's complaint[4] also indicate that CHP-98 continued to exist, and that plaintiff continued to be a limited partner in CHP-98, at least past the 2011 date on which the sale of the Pine Villa interest occurred. Defendants argue, to the contrary, that plaintiff has admitted that he did not have an interest in CHP-98 at the time of filing suit. However, defendants' sole support for that assertion is plaintiff's statement that "[i]ndisputably, CHP 98 was no longer a limited partner of Pine Villa at the time this action was brought." Again, however, defendants confuse the issue.[5] Whether CHP-98 was a limited partner in Pine Villa at the time of filing suit is entirely immaterial to the pertinent question of whether plaintiff was a limited partner in CHP-98 (on behalf of which plaintiff brings his derivative action) at that time. At the summary disposition motion hearing, plaintiff's counsel stated, "I do not know that it is necessarily settled that CHP-98 itself has been dissolved or that Mr. McCourt is no longer a limited partner of CHP-98." This statement is not only equivocal, and says nothing about plaintiff's status with CHP-98 *at the time of filing suit*, but in further stating that "I don't think that's essential to the Court's decision today because it is the relationship between CHP-98 and Pine Villa which is important," plaintiff's counsel also focused on the wrong question. It is indeed plaintiff's status with CHP-98 at the time of filing suit that is essential to determining plaintiff's right to bring this derivative action. Taking all factual allegations as true and construing them and reasonable inferences therefrom in the light most favorable to the plaintiff, *Johnson*, 491 Mich at 435, we conclude that plaintiff has adequately pleaded a derivative action that is not barred by MCR 2.116(C)(8). Should it be determined through additional evidence that in fact CHP-98 did not exist at the time suit was filed, or that plaintiff was not a member of CHP-98 at that time, it may become appropriate to consider that evidence on a motion for summary disposition pursuant to MCR 2.116(C)(10). At this point in the proceedings, however, we cannot conclude on the pleadings before us that plaintiff's claim is so clearly unenforceable as a matter of law that no factual development could possibly justify recovery. *Johnson*, 491 Mich at 435.

We therefore reverse the trial court's grant of summary disposition pursuant to

---

[4] Among the items appended to plaintiff's complaint is a December 12, 2012 letter from counsel for C.R.I., Inc. (as managing general partner of CHP-98), declining plaintiff's request (as a precondition to filing his derivative action on behalf of CHP-98) to bring suit against the general partners of Pine Villa. That letter appears similarly confused, in that it suggests that plaintiff had requested that CHP-98 file a "derivative" action on behalf of Pine Villa, and declined that request in part because CHP-98 no longer held an interest in Pine Villa and therefore lacked standing to bring a derivative suit on behalf of Pine Villa against its general partners. The letter from plaintiff's counsel to which CRI was responding (which also was appended to plaintiff's complaint) did not, however, request CHP-98 to bring a *derivative* suit on behalf of *Pine Villa*, but instead simply requested that CHP-98 bring suit, on behalf of the *limited partners of Pine Villa*, against its general partners, for alleged breaches of duty owed to the limited partners directly.

[5] Defendants also omit mention of plaintiff's immediately preceding statement that "it appears from the letter attached to Defendants' Brief as Exhibit B in support of their motion that CHP 98 continued to exist and Plaintiff continued as a limited partner."

MCR 2.116(C)(8).

## IV. DENIAL OF MOTION TO AMEND

In docket number 319926, plaintiff argues that the trial court erred in denying plaintiff's motion to amend his complaint. Because, notwithstanding the trial court's error regarding MCL 449.2002, the trial court articulated a proper independent reason to deny the requested amendment to plaintiff's complaint, we affirm the trial court's denial of plaintiff's motion to amend.

Plaintiff sought to amend his complaint to alter his claim from a derivative action on behalf of CHP-98 to a claim based on his status as a third-party beneficiary of the partnership agreement between CHP-98 and Pine Villa.[6] Plaintiff argued that the agreement made frequent reference to "Investors," a class that includes plaintiff, and that without the "Investors" there would have been no real estate project. Plaintiff further argued that the agreement's indemnity clause made reference to "affiliates" of CHP-98, which includes persons who control CHP-98. Finally, plaintiff argued that the agreement provides that, in the event that CHP-98 failed to make its agreed-upon capital contribution, defendants had the right to seek collection directly from individual investors. In sum, plaintiff argued that the agreement contemplated that the limited partners of CHP-98 were intended third-party beneficiaries of the agreement.

The trial court disagreed, stating:

> It is agreed that plaintiff was not a named party to the Pine Villa partnership agreement. That contract was not made for the benefit of plaintiff as an investor because it does not contain a promise made to directly to [sic] or for plaintiff, MCL 600.1405. Although performance by the contracting parties of the promises contained in the partnership would incidentally have benefitted plaintiff, that indirect benefit is inadequate to confer upon him the status of a third-party beneficiary. *Rieth-Riley Const Co Inc v Dept of Transp*, 136 Mich App 425, 430-431. Applying the appropriate objective standard in analyzing the contract, plaintiff's proposed amended complaint fails to state a claim and would therefore be futile.

MCL 600.1405 provides in relevant part:

> Any person for whose benefit a promise is made by way of contract, as hereinafter defined, has the same right to enforce said promise that he would have had if the said promise had been made directly to him as the promisee.

---

[6] Plaintiff argued at the summary disposition motion hearing that he should be allowed to amend his complaint to allege fraud. However, the proposed amended complaint contained no allegations of fraud.

(1) A promise shall be construed to have been made for the benefit of a person whenever the promisor of said promise had undertaken to give or to do or refrain from doing something directly to or for said person.

"Only intended, rather than incidental, beneficiaries may sue when a contractual promise in their favor has been breached." *Kisiel v Holz*, 272 Mich App 168, 169; 725 NW2d 67 (2006), citing MCL 600.1405. A third party cannot maintain an action simply because he or she would receive a benefit from the performance of the contract or would be injured by the breach. *Id*. Rather, intended third-party beneficiary status "requires an express promise to act to the benefit of the third party." *Id*., quoting *Dynamic Constr Co v Barton Marlow Co*, 214 Mich App 425, 428; 543 NW2d 31 (1995). "[A] determination that a contract establishes an intended third-party beneficiary through a direct promise to the third party must be based on an objective review of the form and meaning of the contract itself." *Id*.

Our review of the partnership agreement reveals no direct promises on the part of defendants to plaintiff. Plaintiff also presents no evidence that he is an "affiliate" of CHP-98; plaintiff's complaint alleges that he was to receive approximately 4% of the 1.5 million dollars garnered in the purchase of CHP-98's interest in Pine Villa, and plaintiff makes no allegations that he had any sort of control over CHP-98's actions. The record before us does not support the conclusion that plaintiff was an intended beneficiary of any contract of indemnity between CHP-98 and Pine Villa. See *Paul v Bogle*, 193 Mich App 479, 491-492; 484 NW2d 728 (1992). Regarding plaintiff's other arguments, the fact that the agreement makes reference to "Investors" or that CHP-98 agreed to cede to defendants a right to collection against investors if CHP-98 failed to make its Pine Villa capital contributions does not equate to "an express promise to act to the benefit of the third party." *Kisiel*, 272 Mich App at 169. We conclude that the trial court did not err in denying plaintiff's motion to amend on the grounds that the proposed amendment would be futile. *Ormsby*, 471 Mich at 52-53.

We reverse the trial court's grant of summary disposition in docket number 319772, affirm the trial court's denial of plaintiff's motion to amend in docket number 319926,, and remand for further proceedings. We do not retain jurisdiction. No party having prevailed in full, no costs may be taxed. MCR 7.219(A).

/s/ Mark T. Boonstra
/s/ Henry William Saad
/s/ Christopher M. Murray

-7-