PEOPLE *v.* SHAFFRAN.

1. ASSAULT AND BATTERY—ISSUES TRIABLE.

In a prosecution for assault with intent to do great bodily harm, less than the crime of murder, where the assault occurred in an altercation over the existence and location of a way or easement along the line between the farms of defendant and the party assaulted, the trial court was not in error in refusing to permit an issue to be tried out on the subject of the way and its location.

2. SAME—TRIAL—INSTRUCTIONS.

The court was not in error in instructing the jury that, even if defendant had a right in the road which the assaulted party denied, defendant did not have any right to inflict violence, because there was a legal way for him to get that right in a peaceable way, and he could not take the law in his own hands to get it.

3. SAME—ASSAULT NOT JUSTIFIED—TRESPASSER.

Where defendant struck another in the back with a stone, fracturing two ribs, the missile was capable of inflicting serious bodily injury, and, if such was defendant's purpose, he was guilty, even though the assaulted party was a trespasser.

Exceptions before judgment from Leelanau; Gilbert (Parm C.), J. Submitted June 14, 1928. (Docket No. 135, Calendar No. 33,822.) Decided July 24, 1928.

William Shaffran was convicted of an assault with intent to do great bodily harm, less than the crime of murder. Affirmed.

*Patchin & Duncan,* for appellant.

*Wilber M. Brucker,* Attorney General, *Harold J. Waples,* Assistant Attorney General, and *C. H. Thomas,* Prosecuting Attorney, for the people.

Homicide or assault in defense of habitation or property, see annotation in 25 A. L. R. 508; 32 A. L. R. 1541.

WIEST, J.    In an altercation over the existence and location of a way or easement, along the section line between the farms of defendant and Mert Gallivan, defendant struck Gallivan in the back with a stone, fracturing two ribs.    Defendant was convicted of an assault with intent to do great bodily harm, less than the crime of murder, and seeks reversal.

The right of way constituted a dispute of long standing.    The morning of the assault Gallivan and two of his boys went to the disputed strip to plow. One of the boys took a shotgun along.    Defendant and his brother were plowing in a nearby field, and, noticing the Gallivans plowing on the disputed strip, went over and started to turn the furrow back.    At this, active hostilities broke out.    In the conflict defendant claims he was struck on the head with a club by one of the Gallivan boys and his pantaloons perforated by shot from the gun in the hands of the other Gallivan boy.

At the trial the court would not permit an issue to be tried out on the subject of the right of way and its location.    We are asked to hold that defendant had a right to show that the way was an easement appurtenant to his property, and, in the protection of his right therein and preservation of the way, he was justified in employing sufficient force to prevent destruction thereof by the Gallivans.    The court was not in error.

In *People* v. *Doud*, 223 Mich. 120 (32 A. L. R. 1535), we had occasion to consider the subject and there stated the applicable rule of law, and, as the opinion is readily accessible, we need but repeat that the authorities are uniform in holding:

"In the application of the rule that a man may use such force as is necessary for the protection of his property; it must be noted that the principle is subject to this most important qualification, that he shall not,

except in extreme cases, inflict great bodily harm or endanger human life." 2 R. C. L. pp. 555, 556.

The court was not in error in giving the following instruction:

"There has been some testimony here about a road. Now, I charge you that the location of that road, or the rights of these people in that road, is not a question for you to determine at all, and it is not proper to be decided in this case. The only reason the testimony about the road was permissible was to show the relations of the parties, and to show their dealings, and what really brought about the present transaction, but even if this man, the defendant, had a right there— even if he had a right to travel that road, he did not have any right to inflict violence upon Mr. Gallivan, simply to avenge his right to that road, because if he had a right to that road, there is a legal way for him to get that right, and a peaceable way, and he cannot take the law in his own hands to get it."

The missile employed by defendant was capable of inflicting serious bodily injury, and, if such was defendant's purpose, he was guilty even though Gallivan was a trespasser.

The claimed assaults by the younger Gallivans upon defendant were before the jury, and we must accept the verdict as establishing the stone hurling as first in the order of events. We find no reversible error.

The conviction is affirmed.

FEAD, C. J., and NORTH, FELLOWS, CLARK, MCDONALD, and SHARPE, JJ., concurred. POTTER, J., did not sit.