# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

Plaintiff-Appellee,

v

DEBORAH ANN LILLIARD,

Defendant-Appellant.

UNPUBLISHED
March 12, 2015

No.  319256
Wayne Circuit Court
LC No.  13-005450-FC

Before:  MARKEY, P.J., and MURRAY and BORRELLO, JJ.

PER CURIAM.

Defendant appeals by right her convictions after a bench trial of assault with a dangerous weapon (felonious assault), MCL 750.82(1), and possession of a firearm during the commission of a felony (felony-firearm), MCL 750.227b.  The trial court sentenced defendant to two years' imprisonment for the felony-firearm conviction and a concurrent two-year term of probation for the felonious assault conviction.  We affirm.

## I.  FACTUAL BACKGROUND

This case arises from an incident in Detroit, Michigan.  Defendant was driving an SUV, along with two passengers, attempting to find and recover a car.  Although the car was not titled in defendant's name, defendant believed that she had a valid claim of ownership in the vehicle.

During her search, defendant happened to locate the car and began to follow it. Eventually, defendant pulled next to the car and motioned for the victim driver (a woman defendant did not know or recognize) to stop.  When the car did not stop, one of defendant's passengers rolled down a rear window and used a handgun to shoot out the car's front, right tire. The victim testified at trial that a second shot was fired and that the SUV angled over into the car's lane, cutting off the car.  The victim then fled on foot, leaving the car keys behind. Defendant subsequently took the car.

After her arrest, defendant made two statements to the police.  She admitted her first statement contained numerous lies.  In her second statement, defendant admitted that she cut the car off during the assault, but at trial she denied several times that she had done so.

After defendant's bench trial, the lower court found that defendant was unaware that her passenger had a firearm until after the first shot was fired.  But the court further found that

-1-

defendant continued to engage in affirmative actions to threaten the victim after the first shot was fired and after defendant knew that her passenger had a gun and was using it to threaten the victim. Therefore, under an aiding and abetting theory, the trial court concluded that defendant was guilty of both felonious assault and felony-firearm.

## II. ANALYSIS

Defendant raises two issues on appeal: first, whether sufficient evidence existed to support defendant's convictions under an aiding and abetting theory and, second, whether the trial court's factual findings were clearly erroneous.

## A. SUFFICIENCY OF THE EVIDENCE

This Court reviews the sufficiency of the evidence presented at a bench trial de novo. *People v Wilkens*, 267 Mich App 728, 738; 705 NW2d 728 (2005). The evidence is viewed in the "light most favorable to the prosecutor to determine whether any trier of fact could find the essential elements of the crime were proven beyond a reasonable doubt." *People v Robinson*, 475 Mich 1, 5; 715 NW2d 44 (2006). All conflicts regarding the evidence must be resolved in favor of the prosecution. *Wilkens*, 267 Mich App at 738. This Court reviews issues of statutory interpretation de novo. *People v Lown*, 488 Mich 242, 254; 794 NW2d 9 (2011).

Aiding and abetting is not a separate substantive offense; it is a theory of prosecution that permits imposing vicarious liability on accomplices. *Robinson*, 475 Mich at 6; MCL 767.39. Conviction under a theory of aiding and abetting has three elements: (1) the crime charged was committed by the defendant or some other person; (2) the defendant performed acts or gave encouragement that assisted the commission of the crime, and (3) the defendant intended to aid the charged offense, knew the principal intended to commit the charged offense, or, alternatively, that the charged offense was a natural and probable consequence of the commission of the intended offense. *Robinson*, 475 Mich at 6, 14-15. To be found guilty under an aiding and abetting theory, the defendant need not have the same intent as the principal; the defendant simply must have the intent described in the third element above. *Id.* at 15.

### 1. FELONIOUS ASSAULT

Pursuant to MCL 750.82(1), "a person who assaults another person with a gun, revolver, pistol . . . or other dangerous weapon without intending to commit murder or to inflict great bodily harm less than murder is guilty" of felonious assault. There are three elements for felonious assault: "(1) an assault, (2) with a dangerous weapon, and (3) with the intent to injure or place the victim in reasonable apprehension of an immediate battery." *People v Avant*, 235 Mich App 499, 511; 597 NW2d 864 (1999).

Defendant argues that because the trial court found that defendant was unaware her passenger had a gun until after it was fired, insufficient evidence existed to conclude that defendant had the intent necessary to be found guilty of felonious assault under an aiding and abetting theory. But looking at the evidence in the light most favorable to the prosecution and drawing all reasonable inferences in favor of the verdict, we agree that sufficient evidence supported that conclusion. In explaining its reasoning, the trial court found that the victim's testimony was credible, that two shots were fired, and that defendant continued to engage in

actions that threatened the victim after the first shot was fired and defendant knew that her passenger had a gun and was threatening the victim with it. Likewise, by her own admission, defendant cut the victim off and was beginning to exit the SUV while her accomplice was firing. This evidence supports the inference that defendant continued in affirmative acts that aided and abetted the assault after she was aware that her passenger was armed and assaulting the victim.

Furthermore, it is incontrovertible that a felonious assault took place: defendant's accomplice shot out the tire of the moving car, then fired another shot ostensibly aimed at the victim or the vehicle while defendant cut the victim off with a larger vehicle. The victim then fled in fear and ran away up the freeway service drive, leaving the car running with her personal possessions inside. Any claim that defendant or her accomplice were legally privileged to use such force to recover the car is untenable; it was unreasonable to use potentially lethal force to protect mere property rights under these circumstances. See, e.g., *People v Shaffran*, 243 Mich 527, 528-529; 220 NW 716 (1928) (no right to inflict great bodily harm to protect farmland); *People v Doud*, 223 Mich 120, 131; 193 NW 884 (1923) (no right to point gun at another to protect against mere trespass to property).

Accordingly, under the deferential standard of review applicable to this issue, there was sufficient evidence to convict defendant of felonious assault under an aiding and abetting theory.

## 2. FELONY-FIREARM

"The felony-firearm statute applies whenever a person carries or has a firearm in his possession when committing or attempting to commit a felony." *People v Moore*, 470 Mich 56, 62; 679 NW2d 41 (2004) (discussing MCL 750.227b). A person aids or abets felony-firearm if that person "procures, counsels, aids, or abets in [the commission of a felony-firearm offense]." *Id.* at 74 (alteration in original). To prove a defendant aided and abetted a felony-firearm offense, the prosecution must establish

> that a violation of the felony-firearm statute was committed by the defendant or some other person, that the defendant performed acts or gave encouragement that assisted in the commission of the felony-firearm violation, and that the defendant intended the commission of the felony-firearm violation or had knowledge that the principal intended its commission at the time that the defendant gave aid and encouragement. [*Id.* at 70-71.]

It must be determined on a case-by-case basis whether a defendant performed acts or gave encouragement that assisted the carrying or possession of a firearm during the commission of a felony. *Id.* at 71. "Implicit in the *use* of a firearm is the *possession* of that firearm." *Id.* (emphasis in original).

Defendant again argues that because defendant did not know her passenger had a gun until after it was fired, it necessarily follows that there was insufficient evidence to support the trial court's conclusion that defendant aided and abetted felony-firearm. But viewing the evidence in the light most favorable to the prosecution and drawing all reasonable inferences in favor of the verdict, we conclude that sufficient evidence supported that conclusion. Defendant admitted in a statement to the police that she cut the victim off during the commission of the assault. By cutting the victim off, defendant engaged in specific acts that aided her accomplice

in the carrying or possession of a firearm during the accomplice's commission of a felonious assault. Moreover, it is a reasonable inference that defendant gave that aid after she knew that her accomplice was assaulting the victim with the firearm.

Therefore, sufficient evidence supported defendant's conviction of felony-firearm under an aiding and abetting theory.

## B. REVIEW OF FACTUAL FINDINGS

This Court reviews a lower court's factual findings for clear error. MCR 2.613(C). A finding is clearly erroneous when the reviewing court is left with the definite and firm conviction that a mistake has been made. *Wilkens*, 267 Mich App 733.

Defendant first argues that the prosecution offered no evidence to support the trial court's finding that defendant took affirmative action in furtherance of the assault after defendant was aware that her passenger was armed. But as already discussed above, in her statement to the police defendant admitted she cut the victim off and was beginning to exit the SUV while her accomplice was firing.

Defendant further argues that it was not proven beyond a reasonable doubt that defendant had time to aid and abet the assault between the two gunshots or whether a second shot was fired at all. On this particular point, the credibility of the witnesses is paramount.

The trial court found the victim credible and believed her testimony that two shots—not one—were fired. The trial court also explicitly stated that it did not "believe [defendant's] testimony that only one shot was fired." A thorough review of the record, particularly the facts that defendant had admitted to lying during her first interview with the police and varied her story each time she told it, bolsters the trial court's decision to find the victim a more credible witness than defendant. Again, it is important to note that defendant admitted to cutting the victim off *during* the assault.

Therefore, after a comprehensive review of the record on appeal, this Court is not left with a definite or firm conviction that the trial court made a mistake. As such, the trial court's factual findings must not be disturbed because those findings were not clearly erroneous.

## III. CONCLUSION

Sufficient evidence supported defendant's convictions. Likewise, the factual findings of the trial court were not clearly erroneous.

We affirm.

/s/ Jane E. Markey
/s/ Christopher M. Murray
/s/ Stephen L. Borrello