*If this opinion indicates that it is "FOR PUBLICATION," it is subject to
revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

        Plaintiff-Appellee,

v

ISAAC ROBERT LAUSCH,

        Defendant-Appellant.

UNPUBLISHED
January 28, 2020

No. 345862
Berrien Circuit Court
LC No. 2018-001381-FH

Before: O'BRIEN, P.J., and RONAYNE KRAUSE and GADOLA, JJ.

PER CURIAM.

Defendant was convicted by jury of domestic violence, MCL 750.81(2), arising out of an altercation between defendant and his brother (the victim). The jury found defendant not guilty of assault by strangulation or suffocation, MCL 750.84(1)(b). Defendant was sentenced to serve 6 months' probation. He appeals as of right. We affirm.

## I. FACTS

The general facts in this matter are undisputed; at issue in this matter was mostly contextual details. On April 6, 2018, defendant invited the victim to his house. Because the victim did not have a car, defendant picked the victim up. The two brothers played video games for some time, but eventually they got into an argument over who owned the television. The argument culminated in defendant pushing the victim out of the house, although defendant and the victim disagree as to how much force defendant used and who was the initial physical aggressor. The victim called their grandmother to pick him up, and while he was waiting, he pounded on the door and threatened to call the police. Defendant and the victim disagree whether the victim also pounded on any windows, but defendant testified that he was afraid the victim would break the glass.

After several minutes, defendant exited the house, whereupon he and the victim got into a physical altercation. Defendant, the victim, and various eyewitnesses all provided differing accounts of which one attacked the other at that point, or indeed whether they both commenced the fight simultaneously. The accounts also differ as to exactly what transpired during the fight. However, it is not disputed that defendant ended up on top of and straddling the victim.

Defendant did not dispute that he struck the victim; rather, defendant argued that he acted in self-defense and in defense of his property. The victim testified that defendant was the initial aggressor in each instance. Several witnesses testified that defendant had a reputation for truthfulness, whereas the victim had a reputation for untruthfulness.

## II. SUFFICIENCY OF THE EVIDENCE

Defendant first argues that the prosecutor failed to disprove his claims of self-defense and defense of property, and therefore the prosecutor failed to present sufficient evidence to support a conviction of domestic violence.[1] We disagree.

### A. STANDARD OF REVIEW

This Court reviews challenges to the sufficiency of the evidence in a criminal trial de novo "to determine whether, when viewing the evidence in the light most favorable to the prosecutor, a rational trier of fact could have found all the elements of the charged crime to have been proven beyond a reasonable doubt." *People v Cox*, 268 Mich App 440, 443; 709 NW2d 152 (2005).

> The standard of review is deferential: a reviewing court is required to draw all reasonable inferences and make credibility choices in support of the jury verdict. The scope of review is the same whether the evidence is direct or circumstantial. Circumstantial evidence and reasonable inferences arising from that evidence can constitute satisfactory proof of the elements of a crime. It is for the trier of fact, not the appellate court, to determine what inferences may be fairly drawn from the evidence and to determine the weight to be accorded those inferences. [*People v Oros*, 502 Mich 229, 239; 917 NW2d 559 (2018) (quotation marks, citations, brackets, and emphasis omitted).]

"[T]his Court must make all reasonable inferences and resolve all credibility conflicts in favor of the jury verdict." *People v Solmonson*, 261 Mich App 657, 661; 683 NW2d 761 (2004). "Whether or not the accused acted in self-defense is a question of fact for the jury to determine." *People v Prather*, 121 Mich App 324, 330; 328 NW2d 556 (1982). When reviewing challenges to the sufficiency of the evidence, this Court must "not interfere with the trier of fact's role of determining the weight of the evidence or the credibility of witnesses." *People v Eisen*, 296 Mich App 326, 331; 820 NW2d 229 (2012) (quotation omitted).

### B. ANALYSIS

"Once a defendant raises the issue of self-defense and 'satisfies the initial burden of producing some evidence from which a jury could conclude that the elements necessary to establish a prima facie defense of self-defense exist,' the prosecution must 'exclude the

---

[1] Defendant does not dispute that sufficient evidence had been presented to otherwise establish the elements of domestic violence.

possibility' of self-defense beyond a reasonable doubt." *People v Stevens*, 306 Mich App 620, 630; 858 NW2d 98 (2014), quoting *People v Dupree*, 486 Mich 693, 709-710; 788 NW2d 399 (2010). An individual who is not the aggressor may use a reasonable amount of force against an adversary when he or she reasonably believes that he or she is in "immediate danger of unlawful bodily harm" and "that the use of such force is necessary to avoid this danger." *Dupree*, 486 Mich at 707 (quotation marks and citation omitted). The same principle applies to the defense of property, although the right to defend property generally limits how much force may be used. See *People v Shaffran*, 243 Mich 527, 528-529; 220 NW 716 (1928). "However, an act committed in self-defense but with excessive force or in which defendant was the initial aggressor does not meet the elements of lawful self-defense." *People v Heflin*, 434 Mich 482, 509; 456 NW2d 10 (1990) (RILEY, C. J.). The right to self-defense codified in the Self-Defense Act (SDA), MCL 780.971 *et seq.*, does not expressly require a person not to be an initial aggressor, but it does require the person to be "not engaged in the commission of a crime at the time" the force is used. MCL 780.972.

As noted, the facts in this matter are largely undisputed. To the extent the various accounts of the altercation between defendant and the victim differed from witness to witness, the jury was essentially presented with a credibility contest. The victim testified that defendant was the initial aggressor in every instance. The victim also testified that defendant slammed his head against the wall during the argument over the television, and that defendant continued to hit him with closed fists. Notwithstanding the testimony tending to cast doubt on the victim's credibility, the jury was entitled to find the victim more credible than the other witnesses. See *Eisen*, 296 Mich App at 331; *People v Howard*, 50 Mich 239, 242-243; 15 NW 101 (1883). The testimony of a victim can be sufficient to establish the elements of a crime beyond a reasonable doubt. *People v Jackson*, 178 Mich App 62, 64-65; 443 NW2d 423 (1989); see also *People v Szalma*, 487 Mich 708, 724; 790 NW2d 662 (2010). It follows that, so long as the jury is not asked to speculate, *People v Bailey*, 451 Mich 657, 673-675, 681-682; 549 NW2d 325 (1996), the testimony of the victim can also be sufficient to disprove a claim of self-defense beyond a reasonable doubt.

The prosecutor presented sufficient evidence for a rational trier of fact to find beyond a reasonable doubt that defendant was the initial aggressor or that the amount of force that defendant used was excessive and unnecessary. Therefore, when viewing the evidence in the light most favorable to the prosecutor, a rational trier of fact could have found that the prosecutor proved beyond a reasonable doubt that defendant did not act in self-defense or in defense of property.

## III. PROSECUTORIAL ERROR

Next, defendant argues that that the prosecutor committed error requiring reversal by improperly vouching for the victim during her closing statements. We disagree.

## A. STANDARD OF REVIEW

This Court reviews claims of prosecutorial misconduct "case by case, examining the remarks in context, to determine whether the defendant received a fair and impartial trial." *People v Watson*, 245 Mich App 572, 586; 629 NW2d 411 (2001). In general, prosecutors are

given great latitude regarding their conduct and arguments during trial. *People v Bahoda*, 448 Mich 261, 282; 531 NW2d 659 (1995). Prosecutors are "free to argue the evidence and all reasonable inferences from the evidence as it relates to their theory of the case." *Id*. (quotation marks, brackets, and citation omitted). When reviewing closing arguments for prosecutorial error, this Court must examine the prosecutor's remarks as a whole and in context to determine if the defendant received a fair trial. *Id*. at 267.

Prosecutors may argue that a defendant's theory of the case should not be believed as long as such argument is based on the evidence. *People v Meissner*, 294 Mich App 438, 457-458; 812 NW2d 37 (2011). "[A] prosecutor may comment on his own witnesses' credibility during closing argument, especially when there is conflicting evidence and the question of the defendant's guilt depends on which witnesses the jury believes." *People v Thomas*, 260 Mich App 450, 455; 678 NW2d 631 (2004). A prosecutor may not vouch for the credibility of his or her own witness by suggesting special knowledge of a witness's truthfulness; however, "the prosecutor may argue from the facts that a witness should be believed." *People v Seals*, 285 Mich App 1, 22; 776 NW2d 314 (2009) (quotation marks and citation omitted). Additionally, "an otherwise improper remark may not rise to an error requiring reversal when the prosecutor is responding to the defense counsel's argument." *Watson*, 245 Mich App at 593 (quotation and alteration omitted).

## B.  ANALYSIS

As discussed, this case turned entirely on the relative credibilities of the witnesses. The prosecutor correctly informed the jury at the outset that the victim's testimony, if the jury chose to believe it, established all of the essential elements of both charged offenses. A significant component of the defense entailed bolstering defendant's credibility and undermining the victim's credibility by introducing testimony regarding their characters for truthfulness. The prosecutor also accurately pointed out to the jury that most of that character testimony came from members of the brothers' family. Stating that "[the victim's] entire family called him a liar" is hardly an exaggeration. The prosecutor urged the jury to consider that the victim had no motive to lie under circumstances, because his testimony was obviously earning him the enduring antipathy of his family and no advantage in return. The prosecution's commentary, in context, was a proper response to the core of defendant's theory of the case. The prosecutor was not required to do so in "the blandest possible terms." *People v Dobek*, 274 Mich App 58, 66; 732 NW2d 546 (2007). The prosecutor was also not implying that she had some special knowledge of the truthfulness of the victim; rather, the prosecutor properly argued that the victim did not have a reason to lie based on the evidence. See *Thomas*, 260 Mich App at 455. Defendant also argues that he was prejudiced by the cumulative effect of multiple errors by the prosecutor, but because defendant does not identify any further alleged errors, no accumulation of errors is possible.

Affirmed.

/s/ Colleen A. O'Brien
/s/ Amy Ronayne Krause
/s/ Michael F. Gadola