*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

        Plaintiff-Appellee,

v

DAVID LEE HAYES,

        Defendant-Appellant.

UNPUBLISHED
November 30, 2023

No. 360259
Alpena Circuit Court
LC No. 2019-009259-FH

Before: O'BRIEN, P.J., and K. F. KELLY and M. J. KELLY, JJ.

PER CURIAM.

Defendant, David Lee Hayes, was convicted of domestic violence, third offense, MCL 750.81(5), following a bench trial. Hayes's conviction arises out of an incident during which he removed the complainant from his home. Hayes filed a postjudgment motion for directed verdict or for a new trial on the basis of an alleged error of law committed by the trial court and on the basis of purported newly discovered evidence. The trial court denied the motion. Because there are no errors warranting reversal, we affirm.

## I. BASIC FACTS

Hayes and the complainant had been in a dating relationship. The complainant spent numerous overnights at Hayes's house and had some of her personal effects there. According to the complainant, they were still in a relationship; she spent the night at Hayes's house; and many of her belongings were there. According to Hayes, they had broken up by that time, and the complainant was not supposed to be at his house. On August 15, 2019, the complainant entered the back door of Hayes's house, whereupon an argument ensued in which Hayes demanded that the complainant tell him the location of some marijuana. According to the complainant, Hayes then grabbed her by the arm, threw her to the ground, kicked her, and threw her and her belongings outside. According to Hayes, he told the complainant to leave, and when she did not, he grabbed her shirt and walked her to the door, whereupon she slipped out of her shirt, threw her phone at him, wrapped her arm around his legs, and kicked at him before eventually rolling out the front door.

-1-

The incident was partially recorded on the complainant's cellphone, although the audio is not always clear, and the camera was mostly obscured. From what can be discerned, Hayes asked the complainant for the location of the marijuana, threatening to throw her possessions out of the house and eventually stating that he was "going to put you out of the house." The complainant asked if Hayes would put his hands on her, Hayes repeated "out of the house," and the complainant told Hayes to remove his hands from her. The trial court reviewed the recording and concluded that it reflected that Hayes assaulted the complainant. The trial court held that Hayes had no right to use force to remove the complainant from his home, that Hayes perpetrated an intentionally violent assault, and that Hayes had other options available to him.

## II. BENCH TRIAL

### A. STANDARD OF REVIEW

Hayes first argues that the trial court erred as a matter of law by holding that he had no right to use any degree of force to remove a trespasser from his home. We need not address the legal question because, presuming the existence of such a right, the trial court's factual findings establish that Hayes exceeded the scope of any such right. "Following a bench trial, we review a trial court's findings of fact for clear error and a trial court's conclusions of law de novo." *People v Jarrell*, ___ Mich App ___, ___; ___ NW2d ___ (2022) (Docket No. 356070); slip op at 4. "A finding is clearly erroneous if this Court is left with a definite and firm conviction that the trial court made a mistake." *Id*. (quotation marks and citation omitted). De novo review "means that we review the issues independently, with no required deference to the trial court." *People v Beck*, 504 Mich 605, 618; 939 NW2d 213 (2019). "Whether common law affirmative defenses are available for a statutory crime and, if so, where the burden of proof lies are questions of law" that are reviewed de novo. *People v Dupree*, 486 Mich 693, 702; 788 NW2d 399 (2010). The interpretation of common-law doctrines is reviewed de novo. *Kandil-Elsayed v F & E Oil, Inc*, ___ Mich ___, ___; ___ NW2d ___ (2023) (Docket Nos. 162907 and 163430); slip op at 7.

### B. ANALYSIS

Hayes argues that there is a right to use force in protection of property, although the right is limited and does not extend to taking life or causing serious bodily injury. See *People v Doud*, 223 Mich 120, 131; 193 NW 884 (1923). Hayes analogizes this to self-defense. Notably, "underpinning [the] self-defense doctrine is the longstanding principle that a person should use no more force than reasonably appears necessary to repel a threat." *People v Ogilvie*, 341 Mich App 28, 40; 989 NW2d 250 (2022). Consistent with that principle, the right to use force in defense of property is limited, even against a trespasser, if a legal and peaceable alternative is available. See *People v Shaffran*, 243 Mich 527, 528-529; 220 NW 716 (1928). The use of excessive force precludes a justification of self-defense. *People v Guajardo*, 300 Mich App 26, 35; 832 NW2d 409 (2013). Therefore, presuming that right extends to the use of force to remove a trespasser, the amount of force is limited. If such a right exists, the use of excessive force negates it.

The trial court never expressly determined whether the complainant was trespassing. Nevertheless, the trial court did clearly find that Hayes used an unnecessary degree of violence. The trial court rejected Hayes's claim that he was merely escorting the complainant out, and it accepted the testimony of a treating physician that those injuries were consistent with the

complainant's version of events. We are not definitely and firmly convinced that the trial court's factual findings were mistaken. Because Hayes used excessive force to remove the complainant from his home, any right to expel her by force was negated.

## III. NEWLY DISCOVERED EVIDENCE

### A. STANDARD OF REVIEW

Hayes argues that after trial, he learned that the complainant had been arrested and tried to evade that arrest by slipping out of her shirt and kicking at the arresting officer, which he regards as similar to the manner in which he claims she sought to evade him. A trial court's decision whether to grant or deny a motion for new trial on the basis of newly discovered evidence is reviewed for an abuse of discretion. *People v Grissom*, 492 Mich 296, 312; 821 NW2d 50 (2012). "A trial court abuses its discretion if its decision falls outside the range of principled outcomes." *People v Guyton*, ___ Mich ___, ___; ___ NW2d ___ (2023) (Docket No. 163700); slip op at 8 (quotation marks and citation omitted).

### B. ANALYSIS

To obtain a new trial on the basis of newly discovered evidence, a defendant must prove, among other things, that the new evidence would make it probable that there would be a different outcome on retrial. *Grissom*, 492 Mich at 313. In determining whether the evidence makes a different result probable on retrial, the court must consider the evidence presented at the original trial and the evidence that would be presented at a new trial. *People v Johnson*, 502 Mich 541, 571-572; 918 NW2d 676 (2018). Hayes argues that his newly discovered evidence would support his version of events. However, as discussed, the trial court found that Hayes exceeded the bounds of necessary force, partially on the basis of the video evidence, and partly on the basis of its credibility assessment of a treating physician. Further, the newly discovered evidence pertains to the complainant's response to a perceived assault. To the extent it might support Hayes's version of events regarding the complainant's evasive maneuvers, it would also support the complainant's version of events that Hayes assaulted her and did not merely escort her to the door. As a result, "[t]he extent to which the proffered evidence is persuasive is matched by the extent to which it is dubious." *People v Blevins*, 314 Mich App 339, 361-362; 886 NW2d 456 (2016). We are not definitely and firmly convinced that the trial court made a mistake when it concluded that the evidence, presuming its admissibility, would not have likely changed the outcome of the trial.

## IV. EFFECTIVE ASSISTANCE

### A. STANDARD OF REVIEW

Hayes contends that he received ineffective assistance because his trial lawyer did not provide caselaw at trial in support of his theory that he had a right to use force to eject a trespasser and because his lawyer failed to obtain a police report that would have revealed the complainant's arrest in time for trial. Presuming that Hayes's lawyer erred, for the reasons discussed, there is no "reasonable probability that the outcome would have been different" but for those alleged errors. *People v Yeager*, ___ Mich ___, ___; ___ NW2d ___ (2023) (Docket No. 164055); slip op at 5. Therefore, Hayes did not receive ineffective assistance from his lawyer.

## V. CUMULATIVE ERROR

"[T]he cumulative effect of several errors can constitute sufficient prejudice to warrant reversal where the prejudice of any one error would not." *People v LeBlanc*, 465 Mich 575, 591; 640 NW2d 246 (2002). However, "the cumulative effect of the errors must undermine the confidence in the reliability of the verdict before a new trial is granted," and if there are no errors, "there can be no cumulative effect of errors meriting reversal." *People v Dobek*, 274 Mich App 58, 106; 732 NW2d 546 (2007). Only prejudicial errors can accumulate. *LeBlanc*, 465 Mich at 591 n 12. Because we find no prejudicial errors, there can be no cumulative error.

Affirmed.

/s/ Colleen A. O'Brien
/s/ Kirsten Frank Kelly
/s/ Michael J. Kelly